W. J. GARRETT, Respondent, *vs.* J. D. BICKNELL, Appellant.

1. *Administrator—Sale of property by to satisfy purchase price contracted for by decedent—Petition—Appraisement—Dade probate court, jurisdiction of—Suit to divest title—Joinder of parties, etc.*—Where land purchased but not paid for by the intestate in his lifetime, is sold by the administrator for the payment of the purchase price, and there is due notice and report thereof, the sale may be legally made under the statute (Wagn. Stat. 93, 94, §§ 2, 3), without a petition therefor, or an appraisement of the property. And where such sale was made under the orders of the probate court of Dade county, that tribunal, under the Sess. Acts of 1844–5, p. 71, had jurisdiction to make such orders. And in suit by the purchaser of the land at the administrator's sale, to divest the title out of an adverse purchaser, the heirs of the intestate are not necessary parties.

*Appeal from Greene County Circuit Court.*

*Massey, McAfee & Phelps, with J. C. Cravens,* for Appellant, cited: Sess. Acts 1844–5, p. 70 ; Lake, Adm'r, vs. Meir, Adm'r, 42 Mo. 390 ; Wagn. Stat. 96–7, §§ 25, 26, 27 ; Valle vs. Fleming, 19 Mo. 454 ; Strouse vs. Drennan, 41 Mo. 289 ; Robert vs. Casey, 25 Mo. 584 ; Gladson, Adm'r, vs. Whitney, 9 Ia. 267 ; Smith, Adm'r, vs. McConnell, 17 Ill. 135.

*Bray & Duckwell,* for Respondent, cited : Valle vs. Fleming, 19 Mo. 454 ; Owen vs. Johnston, 17 Mo. 442 ; Fry vs. Kimball, 16 Mo. 21 ; Strouse vs. Drennan, 41 Mo. 297 ; Tutt vs. Boyer, 51 Mo. 429 ; Ruggles vs. Webster, 55 Mo. 246.

NORTON, Judge, delivered the opinion of the court.

This is a suit in equity, instituted in the Dade county circuit court, to divest defendant of title to certain lands in said county. The petition alleges that the title to said land in 1858, was in one Moore, at which time Moore sold the land to one Owen Craig, executing to him a title bond in which he bound himself to convey the land to Craig upon the payment of the purchase money, for which Craig executed to Moore his promissory note for the sum of $260, payable on the 25th day of December, 1860, with interest from first day of July, 1859.

The petition alleged that $100 was paid on said note in April, 1860 ; that it was afterwards assigned to one Moore & Buster,

and, by said Moore and Buster, afterwards assigned to plaintiff, Garrett ; that in December, 1867, plaintiff purchased all the interest of said Craig in said land, and that defendant Bicknell, in 1871, having full knowledge of the sale of said land by Moore to Craig, and full knowledge of plaintiff's purchase of Craig's interest, procured said Moore to convey to him said land, and accepted said conveyance for the purpose of cheating and defrauding plaintiff.

Defendant, in his answer, alleges that said Owen Craig was dead at the time the suit was commenced ; that he left heirs who were not made parties to the proceeding ; and denies specifically the allegations of the petition.

A demurrer to so much of the answer as sought to have the heirs of Craig made parties was sustained, and the cause having been removed, by change of venue, to the circuit court of Greene county, was then tried, and a judgment and decree rendered for plaintiff, from which defendant has appealed.

On the trial, plaintiff offered evidence sufficient to show that defendant, at the time of his purchase from Moore, had knowledge of the rights and equities of plaintiff.   It was also admitted that the note mentioned in plaintiff's petition was given for the land in controversy ; that it was assigned by Moore to Moore & Buster, and by them assigned to plaintiff, and that he was the legal owner of the same at the time of the commencement of proceedings thereon against Craig's estate, in the probate court of Dade county, and that Moore's title bond to Craig had been lost.

Moore testified that Bicknell, the defendant, knew of the existence of said bond, and took the deed from him to the land ; that he told defendant, who was a lawyer, that he had no title to the land ; that it belonged to Garrett.   Defendant's reply was, that he wanted a quit-claim deed so that he could litigate the title. This latter statement was contradicted by defendant and one other witness.

The plaintiff offered in evidence a deed executed by the administrator of Craig, in December, 1867, conveying to him all the right, title and interest of said Craig to the land in controversy. This deed recites the order of the court authorizing the sale, for

the purpose of paying the purchase money for said land; that the sale was made in pursuance of the order, and that plaintiff became the purchaser at and for the amount of his judgment against the estate of Craig, on said note ; · that at the next term after sale he made report of the same, which was duly approved.

The defendant objected to the introduction of this deed'; 1. because there was no petition for sale of real estate, no proper order of sale, no appraisement, no legal report· of sale, no proper approval of sale, and that the probate court had no jurisdiction to make the order.    These objections were overruled.

The report of sale and order of court approving the same were also offered in evidence.

The defendant offered in evidence a quit-claim deed from Moore to the land in dispute, dated January 14th, 1871, and also the order of the probate court of Dade county, made on the 6th day of September, 1867, allowing the claim or demand of plaintiff, and directing the interest of Craig, in the land to be sold by his administrator to pay it, and also the order of said court made in December, 1867, approving the sale.

It is provided (Wagn. Stat.,93, 94, §§ 2, 3), that " if any person die having purchased real estate and shall not have completed the payment, nor devised such estate, nor provided for the payment by will, and the completion of such payment would be beneficial to the estate, and not injurious to creditors, the executor or administrator, by order of the court, may complete such payment out of the assets in his hands, and such estate shall be disposed of as other real estate."

" If the court believes that after the payment of debts there will not be sufficient assets to pay for such real estate, the court may order the executor or administrator to sell all the right, title and interest of the deceased therein."

The sale made by the administrator of Craig, and under which plaintiff claims title, was evidently made by virtue of the foregoing provisions of our statute, and the question is presented for our determination, whether such a sale can be legally made without a petition and appraisement.

In the case of Valle vs. Fleming (19 Mo. 454,) the identical question here raised seems to have been passed upon, and the court, speaking through Scott, J., said : "Had the sale been under these sections no appraisement would have been required, nor would there have been any necessity for a petition ; yet we find both of them among the papers in this cause.  It is not pretended that · had the sale taken place under these sections, that the appraisement or petition would have affected its validity."  The sale, in the above case, was made under the general statutes of 1835, which contained the very same provisions in reference to the sale of the interest of a decedent, in land which he had purchased in his lifetime and not paid for, as are contained in the general statutes of 1865.

The laws of 1865 contain also the same provision, in reference to the duty of administrators before selling real estate or any interest therein to have it appraised, as is to be found in the laws of 1835.

It will be perceived, upon an examination of the law regulating the disposition which shall be made of a decedent's interest in land bought by him in his lifetime and not paid for by him, that the legislature intended to invest the county and probate courts with powers freed from many of the restrictions imposed by those sections regulating sales of land on petition of the administrator, executor or creditor for the sale of real estate to pay debts.

Section four (Wagn. Stat. 94) provides that such court, when the purchase was made of an individual, if in its opinion it would be advantageous to the estate, might order the real estate to be relinquished to such individual on the · best terms that could be agreed' on ; and section five provides that where the purchase was made of an officer authorized to sell school lands, the court, in its discretion, might order the administrator to relinquish the same, and that, in such case, it should be the duty of the officer to accept the relinquishment, and surrender the obligations of the deceased.

The sale in this case was made on due notice, and report thereof was duly made, in accordance with the order of the court, directing the sale at the next term thereafter, which was approved

by the court. There is nothing in the objection urged, that the probate court of Dade county had no jurisdiction to make such an order, for the fourth section of the Acts of 1844–5, p. 71, which brought that court into existence, plainly confers the jurisdiction which was exercised by the court in the case at bar.

The heirs of Craig were not necessary parties to the determination of the question involved in the suit, they had no interest which could be affected by any decree that might be rendered.

We think the judgment was for the right party, and it will therefore be affirmed. All the judges concur, except Sherwood, C. J., who was absent.