THE STATE ex rel. HARRY V. DEEMS et al. v.
CHARLES W. HOLTCAMP, Judge of Probate,
and AUGUSTUS ROSS, Administrator of Estate
of ANNA DEEMS ROSS.

In Banc, November 14, 1912.

1. **JURISDICTION: Things Essential.** To acquire jurisdiction a
court must (1) possess the power to determine the general class
of cases to which the one it is attempting to adjudicate belongs;
(2) when its judgment will affect title to particular property it
is generally necessary that such property be situated within the
territorial jurisdiction of the court; and (3) the court by its
process or by their voluntary appearance must acquire jurisdic-
tion over the persons whose rights will be affected by its judg-
ment.

2. ————: **Probate Courts: Sale of Lands.** Probate courts by the
Constitution are given express jurisdiction over the sale of
lands by administrators.

3. **ADMINISTRATION: Sale of Real Estate: No Debts.** Sections
147 and 148, R. S. 1909, authorize a sale of incumbered real
estate even though there be no general creditors. The probate
court has the power to direct the sale of mortgaged real estate
upon a finding that such sale will "promote the interest of the
estate and not be prejudicial to creditors." And by "estate" is
meant heirs, devisees or legatees.

State ex rel. v. Holtcamp.

4. ———: ———: **Substitute for Partition: Fees and Commissions.** But a sale of real estate "to promote the interest of the estate" is not intended to be a substitute for an action of partition, nor to afford an excuse for making fees or commissions of administrators.

5. ———: ———: **No Personal Estate.** Where there is no personal estate, a sale of decedent's incumbered land, "to promote the interest of the estate," cannot be made, unless it becomes necessary to sell it in order to pay decedent's debts.

6. ———: ———: **Unprobated Claim: Mortgage Debts..** To pay unprobated claims or debts due mortgagees, the administrator, in order to sell decedent's real estate, must proceed under Secs. 150, 151 and 152, R. S. 1909, and give the notice required by Sec. 152. [FERRISS and KENNISH, JJ., dissenting.]

7. ———: ———: **Partition: Prohibition: Jurisdiction: Appeal.** An administrator, though he be an heir of decedent, cannot have the incumbered land sold to prevent partition and to eat up the equities of redemption in fees and commissions. But the statutes (Secs. 147 and 148, R. S. 1909) authorize a sale of incumbered real estate, even though there be no general creditors, upon finding by the probate court that such sale will "promote the interest of the estate and not be prejudicial to the creditors;" and as any error in the propriety of such an order may be corrected on appeal, it should not be prohibited by a writ of prohibition from exercising its jurisdiction in the matter, if jurisdiction has been otherwise acquired.

8. **DUE PROCESS OF LAW: Notice.** The Constitution ordains that no person shall be deprived of property without due process of law; and due process of law implies notice and an opportunity to be heard in defense of one's rights; and an equity of redemption in incumbered real estate is property.

9. **ADMINISTRATION: Sale of Incumbered Real Estate: Notice: Jurisdiction.** The probate court has no jurisdiction, under Secs. 147 and 148, R. S. 1909, without notice to the heirs, to order the sale of incumbered real estate upon a finding that such sale will "promote the interest of the estate and not be prejudicial to creditors;" and will be prohibited from attempting to order such a sale, when no notice has been given to the heirs. *Held*, by FERRISS, J., dissenting, with whom KENNISH, J., concurs, that Secs. 147 and 149, R. S. 1909, do not require any notice to the heirs, but authorize the probate court, upon a finding that the sale of incumbered real estate will promote the interest of the estate and not be prejudicial to creditors, to order said real estate to be sold, and the probate court has jurisdiction to order such a sale, without

notice to heirs, and if it errs in its findings the error can
be corrected on appeal, and no writ of prohibition should
go to prohibit it from exercising that jurisdiction.

*Held*, also, that it is apparent that the Legislature did not intend
to restrict the power conferred by Secs. 147 and 148, R. S.
1909, and the cognate  sections 142 and 143, upon probate
courts to sell incumbered real estate, with the require-
ments for notice, appraisement, filing of accounts, etc., desig-
nated by Sec. 152 in case real estate is to be sold to pay
debts, but intended to invest the probate court with power to
order the sale of the equity of redemption in real estate,
free from the restrictions as to notice, etc.

10. ———: ———: **Character of Notice.** Nor is it necessary to
determine what kind of notice will be sufficient under Secs. 148
and 149, R. S. 1909, where no notice at all has been given.

11. ———: ———: **Appearance: Special.** Where the law re-
quires a notice to the heirs and none is given, the probate
court does not acquire jurisdiction over them by the fact that
they appear and object to any order relating to the sale of the
property, where they appear specially for the sole purpose of
objecting to the jurisdiction.

## Prohibition.

WRIT ALLOWED.

*Hiram N. Moore* and *Richard F. Ralph* for re-
lators.

(1) The petition of Augustus Ross, administrator,
as filed in the probate court, is in such form that it is
difficult to tell whether he asks the sale to pay indebt-
edness against the estate, or whether he seeks to ob-
tain the sale by virtue of the provisions of Sec. 147,
R. S. 1909. If the former, the court is clearly without
jurisdiction to order the sale; first, for the reason
that there are no debts proven against the estate, re-
maining unpaid; and second, because no notice has
been given or publication had, as is required by stat-
ute.  R. S. 1909, Secs. 150, 151, 152; Church v. Mc-
Elhinney, 61 Mo. 540; Valle v. Fleming, 19 Mo. 454;

Hutchinson v. Shelley, 133 Mo. 400; Taverbaugh v. Hawkins, 82 Mo. 183; Day v. Graham, 97 Mo. 402; Patee v. Mowrey, 59 Mo. 161. (2) If respondents rely upon section 147 to justify their action, the order of the court, authorizing the sale is nevertheless void. Section 147 provides that where a person dies leaving land encumbered by deed of trust or lien, or owning any equity of redemption, or leaving mortgaged or pledged personal property, and shall not have devised the same or provided for redemption thereof by will, the court shall have power "if in its judgment it will promote the interest of the estate and not be prejudicial to creditors," to order the executor to redeem the same out of the personal assets of the estate, "or to order the sale of other real estate to redeem such land or personal property so encumbered." The Legislature intended by this section to authorize the probate court, for the protection of the estate and creditors to order the sale of property that is clear when it becomes necessary to do so, in order to save some particular piece of property from being sacrificed. In other words, that if one particular piece of property is mortgaged and that mortgage is about to be foreclosed under such conditions that the property would be sacrificed, then he may, in his discretion, provided the good of the estate or the protection of creditors demanded, order other property either encumbered or sold. Such intent is clear from the very wording of the statute. The statute first treats of mortgaged property, and then for its protection under certain circumstances, authorizes the sale of other property. In this case there is no such other property as is contemplated by the statute. In other words, each and every piece comprising the entire estate of the deceased, is mortgaged and there is no other property that can be either sold or mortgaged in order to make redemption. A sale under such circumstances would simply mean the conversion of the assets of the estate

from real estate holdings to cash, and the expenditure of that cash, by reason of which the administrator would be entitled to a large fee at the expense of the heirs. This property is computed to be worth from fifty to sixty thousand dollars. If converted into cash and disbursed by him, as is contemplated, his fee, at the regular per cent allowed administrators, would amount to from $2500 to $3000. The order of sale as made by the probate court is a sweeping order for the sale of the entire estate. The time to file claims against the estate has long since expired. No claim has been filed save that of Ross, which was disallowed. There are no debts against the estate and will be none, save and except that Ross prevails on his appeal to the circuit court; therefore it is apparent that the real purpose of the administrator in seeking the sale was not to redeem property, not to pay debts, but to provide a fund from which, in the event he did prevail in the circuit court, his claim could be satisfied. In addition thereto he would be entitled to a large fee, to which he is not now entitled, and would possibly discharge his individual liabilities on several notes, which otherwise might stand against him. Where, as in the case at bar, the entire assets of an estate are composed of several pieces of real estate, each and every one of which are incumbered, the administrator may sell, under proper order, such part or parts of the estate to pay debts or for the purpose of redemption, as may be necessary. For these purposes, and none other, may he sell the real estate. If, as in this case, the purpose is not to redeem or to pay debts, then such an order as was made by the probate court, of which we complain, was in excess of the court's jurisdiction, and therefore a usurpation of power by the court, and any acts of the administrator thereunder would be illegal as well. The fact that the incumbrances on the several properties had matured, or were about to do so, would not devolve the

duty upon the administrator to sell all the properties or any one of them for the sole purpose of preventing a sale or sales under the incumbrances, and consequent loss, maybe, to the heirs. This was a matter to be anticipated by the heirs themselves, and it was for them, and not for the administrator, to protect them against possible loss.

*Christian F. Schneider* for respondents.

(1) The sole and only question presented by the issues in this proceeding is, "Was the order of sale made by the probate court null and void; that is to say, does a proceeding to sell the equities of redemption, where the estate has no other property out of which to pay the incumbrances on the property. require the proceedings necessary under Sec. 150, R. S. 1909? We respectfully represent that it does not. Garrett v. Bucknell, 64 Mo. 407. In that case a sale was made under section four (Wagn. Stat. 94), which is Sec. 147, R. S. 1909, and which is connected with and must be read with section 148, under which respondents claim said order of sale was made. But relators say the property is worth $50,000 to $60,000, and that the administrator expects to make his administrator's fee on its disbursements of $2500 and $3000, "and would possibly discharge his individual liabilities on several notes, which might otherwise stand against him," but which notes the record shows total only $10,500 exclusive of interest. Neither of these inconsistent contentions is correct. Two of the five tracts have been foreclosed under the deeds of trust on them and only the sum of $257.50 realized therefrom. This proves that a foreclosure sale under the deeds of trust would surely result in a sacrifice, and that it would be to the best interest of the estate and all concerned therein to make a sale of the equities in which the purchasers would have time and could ar-

range for renewal loans without the depressing effects of foreclosure advertisements going on. (2) Relators contend that notices should have been served on the heirs, an order made and the matter then continued to the next term as required when land is sold under section 150. This, under the exigencies of the case, was impracticable. The holders of the notes and deeds of trust were not obliged to wait. They could have foreclosed on advertising the sales for twenty days, long before the proceedings could have been had under Sec. 150, R. S. 1909. But the order was not made without notice to relators. They had actual notice and knowledge. Their motion to dismiss was filed July 11, 1911, the day after the administrator's petition was filed, and both the motion and the petition were continued by the court to the September Term, 1911, and they were in court, and on the day the order of sale was made the court inquired of relators if it were not a fact that there was imminent danger of the property being sacrificed and offering to hear testimony on that point, but that relators refused and stood on their motion to dismiss.

BROWN, J.—Relators petition for a writ of prohibition against the respondents on the ground that the probate court is proceeding without jurisdiction in the matter related below. The following facts appear from the petition and return thereto:

Anna Deems Ross died intestate, without issue, in the city of St. Louis, in April, 1909. At the time of her death she owned five parcels of real estate in that city, each one of which was incumbered by a deed of trust to secure certain promissory notes executed by her jointly with her husband. In April, 1909, letters of administration on her estate were granted to Augustus Ross, her husband. She left as collateral heirs the relators, Harry W. Deems and Laura V. Deems. Subsequently, August Ross presented a claim for

about $3000 against the estate, which, after due hearing, was disallowed in October, 1911, and an appeal taken to the circuit court, where it is now pending. No other claims are shown to have existed against the estate. On June 30, 1911, the respondent judge, on a petition filed by the administrator, entered an order of record directing the administrator to take possession and manage said real estate; which order was made under the provisions of the Act of 1911, known as section 139a, Laws 1911, page 80, the same being an amendment to Art. 6 of Ch. 2, R. S. 1909, and which reads as follows:

"Whenever letters of administration or testamentary shall have been granted on an estate, and it shall appear to the court or judge in vacation, that the decedent died possessed of real estate in the State, and his heirs or legatees have failed to take charge of same, or the identity or whereabouts of such heirs or legatees are unknown, then the court or judge in vacation may on its or his own motion, or that of any party interested, direct the administrator or executor in charge of said estate, to take charge and manage the real estate, until such time as such heirs or legatees shall appear and petition the court to turn the management of said real estate over to them, or until the same shall escheat to the State as is provided by the 'Escheat Act.' "

The administrator is in charge of the real estate under said order. On the 10th day of July, 1911, said administrator, while his claim for allowance was pending in the probate court, filed in said court a petition in which he alleged that all of said real estate was incumbered with deeds of trust as aforesaid, and also with liens for taxes, and that the holders of the deeds of trust were threatening to sell under same; that if the equities should be sold under favorable conditions they would bring an amount considerably larger than could be realized at sale under the deeds of trust; that

his claim for $3004.28 was pending in said probate court, and that the personal assets were practically valueless, the petition concluding with the following prayer:

"Inasmuch as there are no assets to redeem such real estate, the petitioner prays that the court shall make an order that all the right, title and interest of the decedent and her estate to such property, or so much thereof as the court shall determine, be sold at private or public sale, as the court in its judgment may determine."

This petition was not accompanied by an account of the administration, nor by a list of debts due to and owing by deceased and remaining unpaid, nor was notice given to the heirs, relators herein, as required by Sec. 152, R. S. 1909.

Thereafter, on July 11, 1911, these relators appeared specially in the probate court and filed the following motion verified by affidavit:

"Now, at this day comes Harry W. Deems and Mrs. Laura V. Deems, and, appearing for the purpose of this motion only give the court to be informed and understand that they are heirs at law of Anna Deems Ross, deceased, and as such heirs, are entitled to distributive shares of the estate of said Anna Deems Ross. That on Monday, January 10, 1911, one Augustus Ross, administrator of the estate of Anna Deems Ross, deceased, applied to this honorable court for an order to sell certain real estate in his petition described, and that such petition was not accompanied by a true account of said Augustus Ross's administration nor accompanied by a list of debts due to and by the deceased and remaining unpaid, or an inventory of the remaining personal property, together with its appraised value, or of any other assets in his hands. That no notice has been given to the persons interested in said estate, and particularly this petitioner, of the filing of such petition, nor have they been given

until the first day of the next term of this court to show cause why such an order should not be made, nor has any such notice been published for four weeks in any newspaper in the city of St. Louis, nor has such notice been published by ten hand bills placed in ten public places in said city.

"Wherefore, petitioners say that this court is without jurisdiction to hear and determine the petition of said Augustus Ross, filed as aforesaid, and pray that the same may be dismissed."

This motion was continued by the court to the next September term, at which term the court stated to counsel for relators that evidence would be heard, if offered, as to the imminent danger of a sale under the deeds of trust; but no such evidence was offered, relators electing to stand on their plea to the jurisdiction. On October, 1911, the probate court, being of the opinion that the application was under Secs. 147 and 148, R. S. 1909, entered the following order:

"Now at this day, the court being fully advised of and concerning the petition of Augustus Ross, administrator of the estate of Anna D. Ross, deceased, for an order of sale of all the right, title and interest of said deceased of, in and to certain real estate in said petition described heretofore, to-wit, on the 15th day of September, 1911, submitted and taken under advisement and it appearing that said real estate is incumbered by certain deeds of trust and liens in said petition described, that said deceased died without having devised said real estate or providing for the redemption thereof by will or otherwise, and that there would not be sufficient assets in the hands of said administrator to redeem said real estate after payment of the debts due by said estate, it is therefore ordered that the said administrator do, on such day as he may select, at the eastern front door of the court house of the city of St. Louis, and during the session of the circuit or probate court of said city, between the hours

of ten o'clock in the forenoon and five o'clock in the afternoon of that day, expose to sale at public vendue or outcry, all the right, title and interest of said deceased of, in and to the following described real estate, to-wit [describing the same], and sell the same for the purpose in said petition mentioned, for cash, with leave to sell the same at private sale, for cash, first having the same appraised, and if sold at public sale, notice of the time, terms and place of said sale to be published for four weeks prior thereto in some newspaper in the city of St. Louis, as directed by law, and that he make a full report of his proceedings within ten days after such sale.''

It further appears that there are no debts proven against the estate, and no creditors except said administrator, whose claim has since the filing of his petition for an order of sale been disallowed by the probate court, and, as stated above, is now pending on appeal in the circuit court. It also appears that since the institution of this proceeding one of the parcels of real estate has been sold under foreclosure of the deed of trust thereon.

On July 13, 1911, the relators filed a suit in the circuit court to partition the real estate involved herein, which suit is now pending. The respondent Ross charges that this partition suit was filed in order to oust the probate court of jurisdiction, and to defeat him in the collection of his claim for $3004, if it should be allowed in the pending appeal in the circuit court.

Respondents Holtcamp, judge, and Ross, administrator, each filed a return conceding the facts substantially as stated above, both alleging that the order of sale is based on Secs, 147 and 148, R. S. 1909.

There is no important dispute about the facts. The relators claim that if it is intended as a proceeding to pay debts it is invalid, because there are no debts, and no notice was given as required by the statute, and because none of the provisions of the statute

in that regard were complied with. Relators further contend that the proceedings cannot be justified under the provisions of section 147,.which provides for the redemption of mortgaged real estate out of the personal assets or by the sale of other real estate. They further contend that the order to sell cannot be justified under the provisions of section 148, supra, and urge as reasons that under our system real estate descends directly to the heirs, and the administrator has nothing to do with it except that, first, he may take charge of and preserve it until the heirs apply to the court for permission to do so; second, that if there are debts, he may sell for the purpose of paying them.

## OPINION.

Upon the foregoing facts, has the probate court of St. Louis City power to cause the real estate of. Anna Deems Ross to be sold by the administrator of her estate?

The power of this court to prevent all inferior courts from exceeding their jurisdiction by the writ of prohibition is not denied; but it is contended that the respondent court is not exceeding its jurisdiction in the proceedings set out in relator's petition.

To acquire jurisdiction a court must (1) possess the power to determine the general class of cases to which the one belongs which it is attempting to adjudicate; (2) when its judgment, as in this case, will affect the title to particular property it is generally necessary that such property be situated within the territorial jurisdiction of the court; and (3) the court must by its process or by voluntary appearance acquire jurisdiction over the persons whose rights will be affected by its decree.

It cannot be denied that probate courts are, by Sec. 34, Art. 6, of our Constitution, given express jurisdiction over "the sale of lands by administrators."

I.  It is admitted that the land sought to be sold is in St. Louis City.  This leaves for our determination only the first and third propositions above noted. In other words, has the General Assembly authorized probate courts to order the sale of real estate upon the facts presented in this case?

II.  It is not necessary to consider the alleged indebtedness of the estate of Anna Deems Ross to the administrator (which indebtedness had not been finally established when this proceeding was instituted), for the reason that Secs. 147 and 148, R. S. 1909 (under which the probate court is proceeding), authorize a sale of incumbered real estate even though there be no general creditors.  To direct such a sale as the probate court of St. Louis City has ordered, it seems to be only necessary for it to find that such sale will "promote the interest of the estate and not be prejudicial to creditors."  If there are no creditors, then of course the sale could not prejudice them.

The phraseology of the statute, sections 147 and 148, supra, clearly indicates that the sale to be made thereunder is not for the benefit of the party holding a mortgage or other incumbrance, but to "promote the interest of the estate;" that is, the parties entitled to the estate as heirs, legatees or devisees; so that in a proper case, after acquiring jurisdiction of the parties entitled to be heard, or whose interests will be affected by the intended sale, probate courts may order the sale of incumbered real estate of deceased persons.

Such sales, however, are not intended as a substitute for the action of partition, nor to afford an excuse for making fees or commissions for administrators.  In the case before us there is no personal estate to be "promoted," and the incumbered lands belong to the heirs unless it be found necessary to sell them to pay the alleged debt of the administrator.

If the sale is being made to pay the unprobated claim of the administrator or the debts due the incumbrancers, then clearly the administrator must proceed under Secs. 150, 151 and 152, R. S. 1909, and give the notice required by the latter section.

Under the facts in the case before us it is apparent that the administrator is proceeding with the sale of the real estate of deceased, not to ''promote the interest of the estate,'' nor of the relators as heirs thereto, but to prevent mutual or judicial partition among the heirs and as nearly as possible to eat up in fees and commissions all the equities that may exist in favor of the heirs. Estates are not supposed to be administered for the sole benefit of administrators; but on the contrary, they must be so administered as to promote in the highest possible degree the welfare of the heirs, legatees, devisees and creditors.

Courts take judicial notice that a very large per cent of the lands of 'this commonwealth and some of the most valuable thereof; are incumbered for some amount, either great or small, and if such property is to be sold by administrators without giving the heirs an opportunity to partition the same among themselves and then pay off or assume the incumbrances (as may suit their convenience) many hardships and losses are likely to be sustained by persons who inherit incumbered property.

The right of persons who have inherited real estate to partition the same among themselves is a very valuable privilege, and it cannot be successfully contended that a sale by the administrator which would destroy that right, would in any manner ''promote the welfare'' of the heirs.

In the instant case, the administrator seems to be an heir of his wife, but in many cases administrators have no interest in the real estate of the person whose estate they are administering, and the fact that they are ordinarily not entitled to commissions on the real

estate unless they sell the same, would be a strong incentive to them to sell the real estate in order to increase their .fees. [Sec. 229, R. S. 1909.]

There is nothing in Secs. 147 and 148, R. S. 1909, indicating a legislative intent to repeal or modify the partition statute. There is no showing made why the lands of Anna Deems Ross cannot be partitioned in kind among her heirs; and there being a suit now pending for that purpose, we find nothing to justify the probate court of St. Louis City in making the order of sale it did make.

However, as the respondent court possessed the necessary power to determine for itself the propriety of making the order of sale and as its error can be corrected upon appeal, it should not on account of matters stated in this paragraph be prohibited from exercising its statutory jurisdiction in the matter.

This court will not undertake to prohibit a trial court from deciding a case incorrectly when such trial court has jurisdiction, but will review the error on appeal. What we have said in this paragraph about the invalidity of the order of sale is in a certain sense premature, but seems to be called for by the demand of the parties that the statutes under which respondents are proceeding be construed.

III. The assumed right of the respondent to order a sale of the real estate of Anna Deems Ross, without the service of process or notice of any kind to her heirs, raises a more serious issue.

We are aware that a somewhat similar sale was upheld by this court in Garrett v. Bicknell, 64 Mo. 404; but the objection to the administrator's deed in that case was mainly on the ground that no petition was presented to the probate court asking that the sale be made, and the deed in that case was not assailed on the ground that there was no notice to the heirs. Courts usually do not pass upon issues which are not specifically called to their attention. [How-

ard v. Brown, 197 Mo. 36, 1. c. 45.] The lack of notice to the heirs was not called to the court's attention in the Garrett case, supra, and therefore the opinion in that case is not authority upon the issue now under consideration.

The right of heirs to redeem the lands of their ancestors from incumbrances, the right to partition such incumbered lands among themselves, not to speak of the right to use and occupy the lands until they are actually sold under the incumbrances, are such substantial rights that it is difficult to understand how a sale can be constitutionally made without notice to those whose rights are so vitally affected.

Our organic law ordains that "no person shall be deprived of . . . property without due process of law." [Sec. 30, Art. 2, Constitution of Missouri.] No authority need be cited to demonstrate that an equity in incumbered real estate is property, and therefore under protection of the Constitution.

Due process of law is usually construed to be reasonable notice and an opportunity to be heard in defense of one's rights.

It is true, as contended by respondents, that Secs. 147 and 148, R. S. 1909, do not require any notice to heirs or creditors of a proceeding to sell incumbered lands; but in the well considered case of State ex rel. v. Walbridge, 119 Mo. 383, 1. c. 394, we said: "The law in accordance with the principles of justice—principles which are fundamental and eternal—will require that notice be given before any person be passed upon, either in person, estate or any other matter or thing to which he is entitled. And though the statutes do not in terms require notice, the law will imply that notice was intended." See, also, State ex rel. v. Maroney, 191 Mo. 531.

It is needless to multiply authorities in support of a proposition the mere statement of which demonstrates its correctness.

It is contended by respondents that as relators appeared in the probate court and objected to the proceeding whereby the respondents sought to sell their property, therefore the court acquired jurisdiction over them to make the order of sale.

However, the record shows that the relators appeared specially for the sole purpose of objecting to the jurisdiction of the court, and that they took no part in the pretended trial or investigation which resulted in the order of sale complained of, therefore the court acquired no jurisdiction over them. [Thomasson v. Mercantile Town Mutual Ins. Co., 217 Mo. 485.]

It is not necessary to determine whether or not the notice specified in Sec. 152, R. S. 1909, would have been sufficient to confer jurisdiction upon the probate court of St. Louis City to proceed under Secs. 147 and 148, R. S. 1909, and make the order of sale it did make, for the reason that no notice of any kind was given in the instant case.

The probate court of St. Louis City exceeded its jurisdiction in making an order for the sale of property in which relators are interested without giving them notice or acquiring jurisdiction over their persons in any other manner; therefore, the preliminary writ of prohibition issued herein will be made absolute. It is so ordered.

*Ferriss* and *Kennish, JJ.,* dissent, in opinion by *Ferriss, J.; Valliant, C. J.,* concurs; *Graves, Woodson,* and *Lamm, JJ.,* concur in the result, and express the further opinion that probate courts have no jurisdiction even with notice to order the sale of lands of deceased persons for purposes of partition.

## DISSENTING OPINION.

FERRISS, J.—The petition of the administrator for an order to sell all the interest of the estate in the realty is evidently based on Secs. 147 and 148,

R. S. 1909. It was so construed by the probate court, as is apparent from the terms of the order of sale, and so stated in the return of respondent Holtcamp, judge of that court.

The relators contend that under the facts the probate court was without jurisdiction to make the order of sale. This contention presents the only question necessary for consideration, namely: Did the probate court act within its jurisdiction? Our writ of prohibition does not issue to restrain a court, acting within the limits of its jurisdiction, from committing error, nor to correct errors after they are committed. Such erroneous rulings, if any, can be corrected only on appeal. Under our system of practice this rule is essential, however desirable it might be in particular instances to lay it aside. This court, in a case involving an order of the probate court to sell real estate, defines jurisdiction as follows:

" 'Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in a given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue.' Munday v. Vail, 34 N. J. L. 422." [Stark v. Kirchgraber, 186 Mo. l. c. 645.]

I think there can be no question as to the existence here of the first and third essentials as defined above. The probate court is given authority by statute to order the sale of real estate in a proper case. Under sections 150 and 154, real estate may be ordered sold to pay debts. Under section 143 the interest of the estate in real estate, which has been purchased but not fully paid for, may be ordered sold. Sections 147 and 148 provide for the sale of real estate for the purpose of redeeming mortgaged land, and also (Sec. 148) for selling the equity of redemption. In Jack-

son v. Magruder, 51 Mo. 55, speaking of statutes similar to the one cited, it is said: "Under our administration law as it stood when this sale was made, and as it still exists, the county court had the power to order land to be sold for the purpose of redeeming mortgages on other lands, or the *court might make a special order to sell the equity of redemption of the mortgaged premises*. But the court also had the power, on application of the administrator or a creditor of the estate, to make a general order for the sale of the real estate for the payment of debts, embracing equities of redemption and all other interests in lands."

In State to use v. Schleiffarth, 9 Mo. App. l. c. 433, it is said: "The statute provides (Secs. 143, 144) that when any person dies owning an equity of redemption, the probate court may order the administrator to redeem the property out of the personalty, or by the sale of other real estate, or may order the equity of redemption to be sold."

Were the proper parties before the court? No notice was given to the heirs as required by the statute (Sec. 152), and if this were a proceeding under section 150, *et seq.*, such failure would defeat the jurisdiction of the probate court. [Hutchinson v. Shelley, 133 Mo. 400.]

Sections 147 and 148, which must be read together, provide as follows:

"Sec. 147. If any person die leaving land incumbered by mortgage or deed of trust, or any lien whatever, or owning any equity of redemption, or leaving mortgaged or pledged any personal property, and shall not have devised the same or provided for redemption thereof by will, the court shall have power, if, in its judgment, it will promote the interest of the estate and not be prejudicial to creditors, to order the executor or administrator to redeem the same out

of the personal assets of the estate, or to order the sale of other real estate to redeem such land or personal property so encumbered, and also to order the executor or administrator to mortgage or pledge any personal property of the estate in his hands for the purpose of raising and providing money with which to redeem said premises so encumbered.

"Sec. 148. If such redemption would injure the estate or creditors, or there would not be assets to redeem such estate after payment of debts, the court shall order all the right, title and interest of the estate to such property to be sold at public or private sale."

No provision is made for any notice to heirs in a proceeding under these sections. We have been cited to no case involving the construction of said sections, and, after diligent search, I have found none.

Sections 142 and 143 are closely related to sections 147 and 148, and involve the same proceedings under substantially similar conditions. They are as follows:

"Sec. 142. If any person die, having purchased real estate, and shall not have completed the payment, nor devised such real estate, nor provided for the payment by will, and the completion of such payment would be beneficial to the estate and not injurious to creditors, the executor or administrator, by order of the court, may complete such payment out of the assets in his hands, and such estate shall be disposed of as other real estate.

"Sec. 143. If the court believe that, after the payment of debts, there will not be sufficient assets to pay for such real estate, the court may order the executor or administrator to sell all the right, title and interest of the deceased therein."

This court decided in Garrett v. Bicknell, 64 Mo. 404, that no petition was necessary under these sections, and in that connection said:

"It will be perceived, upon an examination of the law regulating the disposition which shall be made of a decedent's interest in land bought by him in his lifetime and not paid for by him, that the Legislature intended to invest the county and probate courts with powers freed from many of the restrictions imposed by those sections regulating sales of land on petition of the administrator, executor or creditor for the sale of real estate to pay debts."

The case of Valle v. Fleming, 19 Mo. 454, inferentially holds that no notice would be necessary under these sections.

The statutes providing for the sale of the right, title and interest only of the deceased in incumbered property, whether such incumbrance is by deed of trust or vendor's lien, make no provision for petition or notice. It is only when we come to the provisions for the sale of real property to pay debts that we find particular directions as to notice, publications, filing accounts, etc. I therefore conclude that in this proceeding under sections 147 and 148, the provisions of sections 151, 152, 153, providing for the filing of lists of debts, notice, publication, etc., do not apply, and that there is no want of proper parties before the court, nor failure of other jurisdictional facts.

The Legislature, no doubt, regarded proceedings to sell real estate to pay debts as essentially different, in relation to the interests of the heirs, from proceedings to protect incumbered property and dispose of equities, and hence the minute restrictions as to the former which are wanting in the latter cases. However that may be, the statute plainly makes a distinction in the matter of jurisdiction of the court. The probate court has jurisdiction to pass judgment on the points presented, namely, whether under the facts it was proper to order the sale of the equities in the real estate. The propriety of the ruling can be tested on appeal from any order it may make confirming a sale.

[Wilson v. Brown, 21 Mo. 410; McVey v. McVey, 51 Mo. 420; Desloge v. Tucker, 196 Mo. 587; Sec. 289, R. S. 1909.]

For the foregoing reasons I respectfully dissent from the opinion of the court. *Kennish, J.*, concurs.