Pauline Smith McINTOSH, Appellant,

v.

CONNECTICUT GENERAL LIFE INSURANCE CO., et al., Respondents.

No. 49548.

Supreme Court of Missouri,

Division No. 1.

April 8, 1963.

Welker & Young, Web A. Welker and Linus E. Young, Portageville, for appellant.

Ward & Reeves, Caruthersville, for respondents.

COIL, Commissioner.

This is an appeal from a judgment dismissing a suit to partition real estate. Appellant, Pauline McIntosh, was a niece of W. J. McMillen who owned land located in New Madrid County and who died intestate. On November 3, 1961, the McMillen administrator, acting under the provisions of sections 473.460 and 473.487,[1] filed a petition in probate court for an order to sell the real estate owned by decedent for these reasons:

"Petitioner states that the sale of said real estate is necessary for the best interest of the estate in that the real estate is in different tracts and not contiguous and there are so many different fractional interests that the same can never be divided in kind and for that reason it is to the best interest of the estate and all of the heirs that said real estate be sold by your Administrator as provided by statute.

"Petitioner further states that it would be most advantageous to the estate that said real estate be sold under the original inventory and appraisement at private sale for cash."

1. All section citations herein refer to sections of RSMo 1959 and V.A.M.S., unless otherwise indicated.

The probate court ordered a hearing on the petition for November 20, 1961, and notice thereof was given to all proper parties. When the matter was reached on the 20th, Mrs. McIntosh, through her attorney, sought a continuance and, after discussion between counsel, the hearing was continued to December 4, 1961. Later, on the same day (November 20), Mrs. McIntosh filed a suit to partition the same real estate as that described in the administrator's petition to sell. Respondent Myrtle B. McMillen and the administrator of the McMillen estate (not a party to the partition suit) filed their motion to dismiss on the ground, inter alia, that the circuit court was without jurisdiction, in that prior jurisdiction over the land in question had been acquired by the probate court. After a change of venue and on March 3, 1962, the parties adduced evidence in support of their respective positions on the motion. On May 16, 1962, the court entered its judgment dismissing the partition suit on the ground that by reason of the petition for an order to sell theretofore filed by the McMillen administrator, the Probate Court of New Madrid County had acquired jurisdiction and that consequently the circuit court was without jurisdiction to entertain a subsequently filed suit to partition the same land.

Section 473.460 is, in pertinent part:

"Purposes for which property may be sold, mortgaged, leased or exchanged.— — 1. Real or personal property belonging to an estate may be sold, mortgaged, leased or exchanged under court order when necessary for any of the following purposes:

"(1) For the payment of claims allowed against the estate;

"(2) For the payment of any allowance made to the surviving spouse and minor children of the decedent;

"(3) For the payment of any legacy given by the will of the decedent;

"(4) For the payment of expenses of administration, including court costs;

"(5) For the payment of any gift, estate, inheritance or transfer taxes assessed upon the transfer of the estate or due from the decedent or his estate;

"(6) For any other purpose in the best interests of the estate

\* \* \* \* \* \*

"4. Real estate shall not be sold, mortgaged or leased under this section except for the payment of claims, taxes, expenses of administration including court costs, legacies, the statutory allowances to the surviving spouse or unmarried minor children, the shares of pretermitted heirs or the share of the surviving spouse who elects to take against the will, in any case where the heirs or devisees to whom such real estate passed by descent or under the will, have sold, mortgaged or leased or otherwise transferred such real estate at a time when no order was in effect under section 473.263 for the taking of possession of real estate by the executor or administrator."

Appellant contends that subparagraph 6 of foregoing section 473.460 is unconstitutional in that the authority there granted exceeds the jurisdiction vested in probate courts by Section 16, Article V, Missouri Constitution 1945, V.A.M.S., and further that said subsection is void because it is so "indefinite, meaningless, vague and uncertain" as to be inapplicable to any conceivable set of circumstances upon which it was intended to operate.

Section 16, Article V, Missouri Constitution 1945, is: "There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians, and the sale or leasing of lands by executors, administrators, curators and guardians, and of such other matters as are provided in this constitution."

Respondents contend that the foregoing section expressly grants probate courts jurisdiction "of all matters pertaining to * * * the sale or leasing of lands by executors, administrators" and others, and, consequently, that section 473.460, subparagraph 6, vests either exclusive jurisdiction in the probate court to sell real estate for the best interests of the estate, or concurrent jurisdiction, under certain circumstances, with the circuit court; that in the latter event the probate court under the facts here, having first acquired jurisdiction, retained it to the exclusion of the exercise of jurisdiction by the circuit court.

■ Section 473.460, as set forth above, provides that real property belonging to an estate may be sold under court order when that action *is necessary* for six specified purposes. The first five purposes are specific instances in which clearly it might be *necessary* to sell, mortgage, lease, or exchange real estate, viz., for the purposes of (1) paying allowed claims, (2) paying an allowance to a surviving spouse and minor children, (3) paying legacies under a decedent's will, (4) paying expenses of administration, including court costs, and (5) paying specified taxes. Purpose number 6, read in connection with the presently relevant portions of paragraph 1 of the section, provides that real property belonging to an estate may be sold under court order when that sale is necessary to accomplish some purpose in the best interests of the estate other than or in addition to any of the purposes specified in subparagraphs 1 to 5 inclusive.

■ Appellant, as we have noted, asserts the unconstitutionality of subparagraph 6 on the ground heretofore stated but she has failed to develop that contention in her argument. See Maus, Probate Law and Practice, Vol. 4, §§ 1061–1074, pp. 298–306. No reason is immediately apparent which would lead us to conclude that Section 16, Article V, Constitution of Missouri 1945, does not grant authority to the legislature to validly invest the probate courts

with jurisdiction by virtue of section 473.-460 to order the sale, lease or exchange of real estate, when *necessary* for any of the purposes there listed, including the purpose stated in subparagraph 6. (We are assuming for present purposes that facts or circumstances might exist which would make it *necessary* for the probate court to sell real estate for the best interests of *"the estate"* as such, although we note in passing that we have been unable to hypothesize such a situation, i. e., the existence of facts or circumstances which would make it necessary for the probate court to sell real estate for the best interests of an estate for some purpose not set forth in or necessarily a part of one or more of the purposes specified in the first five subparagraphs of section 473.460.) We find it unnecessary in this case, however, to pass on the constitutional issue raised. Consequently, taking into account the fact that the question has not been fully briefed, we deem it advisable to adhere to the rule that courts generally do not pass on constitutional issues if the case may be properly disposed of otherwise. City of St. Joseph v. Roller, Mo., 363 S.W.2d 609, 612 [6].

Sufficient for the proper disposition of this case is the fact that in our view neither reason asserted in the administrator's petition for an order to sell, assuming either or both were fully substantiated at a hearing, would constitute a situation in which there could be a necessity for the sale of the real estate in "the best interests of the estate."

We note again that the administrator's stated reasons were, first, that it was in the best interests of the estate to sell the land because there were so many fractional interests that it could not be satisfactorily divided in kind and, secondly, that it would be advantageous to sell the land at a private sale for cash. Respondents on this appeal rely only upon the second of the stated reasons and, in support thereof, point to opinion evidence at the hearing on the motion to dismiss to the effect that more

money would be received at a private sale for cash than at a public sale pursuant to an order of partition by the circuit court.

We make clear at this point that there is no averment in the petition for order to sell, nor was there any suggestion in the evidence at the hearing on the motion to dismiss, nor is there any contention in this court that any purpose other than obtaining a greater price for the real estate would be accomplished by the sale of the real estate by order of the probate court.

We are mindful of the fact that section 473.460 is a part of the Probate Code contained in the chapter entitled "Administration of Decedents' Estates." It seems apparent that the provisions of that chapter, including the provisions of section 473.460, deal with the administration of estates as separate entities, distinct and apart from the individuals who are the decedent's heirs or distributees. Thus while, broadly speaking, it might be said that whatever benefits distributees, in one sense, might be in the "best interests of the estate," it seems clear to us that subparagraph 6 of section 473.460 does not and cannot apply to or have any connection with situations such as the present, involving questions or matters which are of concern only and exclusively to those who have inherited real estate direct from their intestate. Neither the fact that it is desirable to sell land belonging to heirs because it cannot be satisfactorily partitioned in kind nor the fact that the real estate would bring a better price at a private sale by an administrator than at a public sale on partition is a matter which relates to or has to do with the administration of an estate as such. It must follow, therefore, that neither asserted reason in the petition to sell, if proved, could make "necessary" the sale of real estate "in the best interests of the estate" under the provisions of subparagraph 6 or under any other portion of section 473.460.

The judgment is reversed and the case remanded.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.