**Shirley HUGHES, et al., Relators,**

v.

**Honorable Montgomery C. WILSON, Judge of Division No. 1, Atchison County Courthouse Rock Port, Missouri, 64482 et al., Respondents.**

No. WD 39078.

Missouri Court of Appeals, Western District.

July 7, 1987.

Dwight K. Scroggins, Jr., St. Joseph, for relators.

Larry L. Zahnd, Zahnd, Dietrick and Ross, Maryville, for respondents.

Before PRITCHARD, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This is an action in prohibition. In September 1984, Charles Smith died intestate in Atchison County. Title to two tracts of Atchison County farmland was in Smith's name. He was survived by a wife and five daughters. An estate was opened in October, 1984, with the widow Goldie Smith named as personal representative. That administration in the Probate Division of the Circuit Court of Atchison County still pends. On May 7, 1985, three of Smith's daughters filed a civil suit in the Circuit Court of Atchison County to partition the real estate. The surviving spouse and the other two daughters were named as defendants in the partition suit. Later, a petition for authority to take charge was filed in the probate division on April 8, 1986. The probate division then entered an order taking charge of the real estate. This order was entered pursuant to 473.-460(1.)(1), RSMo 1986, *infra*, for the payment of allowable claims. The defendant-heirs in the partition suit filed a motion to dismiss the partition action on the theory the court lacked jurisdiction because of the probate administration. The motion was denied. The respondent here, Judge Wilson, after a December 17, 1986 hearing, determined the ownership interests of the spouse and daughters as tenants in common, determined the property could not be partitioned in kind without great prejudice and on January 7, 1987, ordered the property sold with the net "proceeds divided according to the respective interest of the parties; however, due to the fact the estate is still pending and there are pending

claims, the net proceeds should be paid over to the Personal Representative of the estate ..." In his partition order, Judge Wilson determined the widow's interest to be one-half, while the five daughters had a one-tenth interest in the real property.

The relators, the remaining two daughters and the surviving spouse-personal representative, brought this writ to prohibit enforcing the order of sale in partition entered by the respondent judge. The issue presented is whether the circuit court had jurisdiction to order partition of real property which was subject to administration in the probate division of the same court. This court entered a preliminary rule enjoining the respondent from taking any further action to partition. That order is now dissolved.

The following sections of the chapters dealing with the probating of estates are in order. Section 472.020, RSMo 1986, reads:

The *probate division* of the circuit court *may* hear and determine *all matters pertaining to probate business*, to granting letters testamentary and of administration, the appointment of guardians and conservators of minors and incapacitated and disabled persons, settling the accounts of personal representatives and conservators, and the *sale* or leasing *of lands by personal representatives* and conservators, including jurisdiction of the construction of wills as an incident to the administration of estates, of the *determination of heirship,* of the administration of testamentary and inter vivos trusts, of disability and incapacity proceedings as provided by law and of such other probate business as may be prescribed by law. (Emphasis added.)

Section 473.013, RSMo 1986, reads:

The administration of the estate of a decedent from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last personal representative is deemed one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding in rem. No notice is jurisdictional except the notice by publication provided in section 473.033, unless the provision requiring the notice expressly provides that the notice is jurisdictional. Whether the administration is supervised or independent, from the time of first publication of the notice provided in section 473.033, the probate division of the circuit court has in rem jurisdiction of all real and personal property of the decedent located within this state.

Section 473.460, RSMo 1986, as pertinent here, reads:

1. Real or personal property belonging to an estate may be sold ... under court order for any of the following purposes:

(1) For the payment of claims allowable against the estate:

\*    \*    \*    \*    \*    \*

(6) For any other purpose in the best interests of the estate or if it would be burdensome to the heirs or devisees to distribute the personal property or the real estate in kind.

2. Real and personal property may be sold or mortgaged under order of the court when necessary for the purpose of making distribution of the estate or any part thereof.

Section 473.490 authorizes the court to require a hearing to determine if real estate should be sold when a settlement discloses the personal property is insufficient to pay claims. Under § 473.493, the administrator may petition the court to sell real estate.

■ A proceeding in partition is strictly statutory. *Trenholm v. Trenholm,* 701 S.W.2d 209, 211 (Mo.App.1985). Chapter 528 deals with partition suits. Section 528.-030 reads:

*In all cases* where *lands,* tenements or hereditaments *are held in joint tenancy, tenancy in common,* or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it *shall be lawful for any one or more of the parties interested* therein, whether adults or minors, *to file a petition in the circuit court of the proper county,* asking for the admeasurement and setting off of any dower interest

therein, if any, and *for the partition* of the remainder, *if the same can be done without great prejudice* to the parties in interest; *and if not*, then *for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.* (Emphasis added.)

Section 528.040 requires a partition suit to be brought in the circuit court of the county where the land is located.

Rule 96.29 is almost the same as § 528.-140 which states:

Upon judgment of partition in proceedings commenced under this chapter, *where* the *lands*, tenements or hereditaments, or any portion thereof, sought to be divided as herein directed, *shall have descended* to any of the parties in interest, *and the court shall not be satisfied either that the estate from which the same has descended has been finally settled, and all claims against the same fully discharged, or* that *the personal property*, or other real property not already partitioned, belonging to such estate, is more than *sufficient* to *pay* all *claims* and demands against the same, *the order of distribution shall not apply to nor take effect upon* any of the lands, tenements or hereditaments allotted, or the share of the proceeds of any sale adjudged to the parties whose interest shall have so descended, *until such estate shall have been finally settled and all claims against the same fully discharged; and* until such final settlement, the *interest of all parties* in such lands, tenements or hereditaments, *or in the proceeds* of sale in cases where sale has been ordered, *shall remain and be subject to the claims against the same.* (Emphasis added.)

The relators argue that once the probate division acquired *in rem* jurisdiction under § 473.013, jurisdiction over the lands was "exclusive" and prevented another division of the circuit court from acquiring jurisdiction to hear an action in partition. Alternately they argue, even if jurisdiction were "concurrent", the probate action could continue because it was "first filed".

The relator's arguments are misplaced. They interpret § 473.013 to state that when an individual dies, all his or her land is automatically under the sole and exclusive jurisdiction of, and to be dispensed with by, the probate division of the circuit court. This view is not and never has been the law. When a person dies, his or her land, by operation of law, descends to the heirs, subject only to the possibility it may be needed to defray claims against the decedent's estate, should the personalty prove insufficient. *Estate of Igoe v. United States Internal Revenue Service*, 717 S.W.2d 524, 525 (Mo. banc 1986). In a 1967 law review article on probate rules, the following appears under the subject of "How to Block a Probate Court Sale":

A circuit court partition action filed by an heir while administration is pending might be effective but it requires a high fee and involves the hazard of a low price at a forced sale.

Eckhardt, Probate Court Sales and Exchanges of Real Property, 32 Mo.L.Rev. 45 (1967). The footnote to this passage cites Rule 96.14, the predecessor to Rule 96.29, *supra*, and to § 528.140, *supra*.

In *State ex rel. Deems v. Holtcamp*, 245 Mo. 655, 151 S.W. 153 (banc 1912), the administrator sought to sell encumbered real estate under a probate statute allowing a sale to promote the best interest of the estate while not being prejudicial to creditors. There were five tracts of real estate worth up to $60,000 with encumbrances of $10,500, and little or no personal property. Some of the heirs filed a partition suit to prohibit the probate sale, which the respondent contended was "to oust the probate court of jurisdiction". *Id.* 151 S.W. at 155. The court said at 151 S.W. at page 156:

... [I]n a proper case, after acquiring jurisdiction of the parties entitled to be heard, or whose interests will be affected by the intended sale, probate courts may order the sale of incumbered real estate of deceased persons. *Such sales, however, are not intended as a substitute for the action of partition,* nor to afford

an excuse for making fees or commissions for administrators.

\* \* \* \* \* \*

Under the facts in the case before us, it is apparent that the administrator is proceeding with the sale of the real estate of deceased, not to 'promote the interest of the estate,' nor of the relators as heirs thereto, *but to prevent mutual or judicial partition among the heirs and as nearly as possible to eat up in fees and commissions all the equities that may exist in favor of the heirs.* Estates are not supposed to be administered for the sole benefit of administrators; but, on the contrary, they must be so administered as to promote in the highest possible degree the welfare of the heirs, legatees, devisees, and creditors.

Courts take judicial notice that a very large per cent of the lands of this commonwealth and some of the most valuable thereof are incumbered for some amount, either great or small, and if such property is to be sold by administrators without giving the heirs an opportunity to partition the same among themselves, and then pay off or assume the incumbrances (as may suit their convenience) many hardships and losses are likely to be sustained by persons who inherit incumbered property. *The right of persons who have inherited real estate to partition the same among themselves is a very valuable privilege,* and it cannot be successfully contended that a sale by the administrator, which would destroy that right, would in any manner 'promote the welfare' of the heirs. (Emphasis added.)

In *Winn v. Maddox*, 263 S.W.2d 470 (Mo. App.1953), a claimant against the estate sought to intervene in a pending partition suit brought by the decedent's brother. The court said the brother, as owner by inheritance of an undivided one-fourth interest in the land involved, had an absolute right to partition the real estate. The administration of the estate in probate court and the fact that the land might be subject to claims pending against the estate did not affect the brother's right to partition. *Id.* at 471. (Citing § 528.140, RSMo 1949, V.A. M.S.; *Chrisman v. Divinia*, 141 Mo. 122, 41 S.W. 920 (1897); *Dildine v. DeHart*, 293 Mo. 393, 239 S.W. 112 (1922).) This squares with *Clapper v. Chandler*, 406 S.W.2d 114, 120 (Mo.App.1966), where the court held the personal representative's right to possession of realty was conditioned on a specific order of the probate court. The court noted that the rules of descent and distribution vest title to real property in the heirs, subject to the payment of claims, and the heirs "are still entitled to partition, subject to the debts of the estate". *Id. Accord* Estate of *Basler v. Delassus*, 690 S.W.2d 791, 794 (Mo. banc 1985).

Later the supreme court decided *McIntosh v. Connecticut General Life Insurance Co.*, 366 S.W.2d 409 (Mo.1963). The probate administrator had earlier filed for an order to sell. After the hearing on that motion was continued, an heir filed suit to partition, and the circuit court dismissed the partition suit on the theory, "prior jurisdiction over the land in question had been acquired by the probate court." *Id.* at 411. In *McIntosh*, it was alleged § 473.460, *supra* (stating the purposes for which real property may be sold under probate court order) authorized exclusive probate jurisdiction. In the case at bar, relators do not rely on § 473.460, but upon § 473.013. *McIntosh* was decided on non-compliance with § 473.460, but the court made no statement of automatic exclusive probate jurisdiction merely because the probate court entered an order under § 473.460. The Supreme Court reversed and remanded to allow the partition suit to proceed.

*McIntosh*, by inference, would also rule out the second argument of the relators: that jurisdiction was concurrent since it was first filed. It will be remembered from the facts, the order to take charge to pay claims was not filed and allowed until early April, 1986. The partition suit was filed in early March 1985, some 7 months after the letters were granted.

The trial court cannot be condemned for pursuing the partition action. It had juris-

diction to enter the judgment which noted the still pending estate and claims. The judgment comports with the language in *Studer v. Harlan*, 233 Mo.App. 811, 109 S.W.2d 687, 691 (1937):

It may be said that such procedure makes the entry of final judgment in the circuit court in a measure dependent upon the state of the administration proceedings in the probate court, but that this is true is no reason why the rights of the parties should not be adjusted in the manner indicated. Indeed the circumstances of the case are such as necessarily to require that each court have due regard for the pendency of the proceedings in the other. Here the lands sought to be divided have descended to the parties in interest subject to claims against the estate of the deceased in the event of the sufficiency of the personal assets to pay the same, and in this situation the circuit court is forbidden by statute (section 1558, R.S.Mo.1929 [Mo.St.Ann. § 1558, p. 1737] to enter an order of distribution until the estate is finally settled or it is satisfied that all claims against the same have been fully discharged.

and the language in *Hilton v. Crouch*, 627 S.W.2d 99, 101 (Mo.App.1982):

The fact that the estate of Gertrude Crouch was still in the process of administration during the pendency of the partition action was not per se sufficient to invalidate the latter. Rule 96.29 deals with that situation and provides safeguards for the protection of creditors. The trial court's order in the instant proceeding implemented Rule 96.29.

The task of the court was in no way aided by the briefs, nor the parties' decision to not argue the case. The preliminary rule in prohibition is dissolved.

All concur.