## CHRISMAN et al., *Appellants*, v. DIVINIA.

### Division One, July 17, 1897.

1.    **Partition:** APPEARANCE OF INFANTS BY ATTORNEY: COLLATERAL ATTACK. A sale in partition, based on proceedings wherein certain infant plaintiffs appeared by attorney, and the court appointed a guardian *ad litem* for them before the interlocutory judgment in partition, is held not void upon a collateral attack.

2.    ———: JEOFAILS: COLLATERAL ATTACK. When a court has power to act upon the interests of minor plaintiffs the fact that they appeared by attorney is (by the terms of the Missouri statute of jeofails) not fatal to the verdict and judgment in a partition case when attacked in a later action of ejectment.

3.    ———: CURATIVE POWERS OF STATUTE OF JEOFAILS. The statute of jeofails has at least as much curative effect on a judgment when the latter is attacked collaterally as when it is attacked by an appeal.

4.  ———: PENDING ADMINISTRATION. Land in charge of an administrator during the pendency of probate proceedings is nevertheless subject to partition in the circuit court, in conformity to section 7143, Revised Statutes 1889.

5.  ———: DIRECTIONS TO PAY ADMINISTRATION DEBTS. A partition judgment in the circuit court which directs payment of the debts of an estate (under orders of the probate court) is not void because of that course of procedure.

6.  Ejectment Collateral to Partition Irregularities. An action of ejectment for land that has been sold under a judgment in a prior partition suit is collateral to the partition suit; and unless the judgment or sale in that suit was beyond the powers of the court, any mere irregularity in the exercise of its judicial power therein can not be taken advantage of in the ejectment action.

*Appeal from Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

REVERSED AND REMANDED.

*S. H. Corn* for appellants.

(1) The proceedings begun by Messrs. Althouse & Trice in the circuit court, March 15, 1884, deprived the plaintiffs of none of their rights to the land, and conferred no right or title, either legal or equitable, upon the defendant. They were void from beginning to end. The circuit court acquired no jurisdiction over the plaintiffs in this case by virtue of those proceedings, nor power to sell their lands. They were all infants; an infant can not voluntarily come into court except through its guardian. If it have none, one must be appointed upon proper application before the suit can be commenced. R. S. 1889, secs. 7138, 1997, 1999, 2000, 7139, 7140; *Thornton v. Thornton,* 27 Mo. 302; *Mitchell v. Jones,* 50 Mo. 438; *Clark v. Crosswhite,* 28 Mo. App. 34; *Gamache v. Prevost,* 71 Mo. 84. (2) The circuit court had no jurisdiction over the subject-matter of that suit. It is manifest that the object and

purpose of the proceedings were not for the partition of the lands, but for the sale of the lands for the purposes of the administration of the estate. R. S. 1889, sec. 3397; *Pearce v. Calhoun*, 59 Mo. 271; *Eoff v. Thompkins*, 66 Mo. 225; *Ferguson v. Carson*, 9 Mo. App. 497; *Titterington v. Hooker*, 58 Mo. 593. (3) Where it appears from the whole record that the court did not have jurisdiction either of the person or the subject-matter, the judgment is void, and is so treated in collateral proceedings. *Brown v. Woody*, 64 Mo. 547; *Howard v. Thornton*, 50 Mo. 291; *Milner v. Shipley*, 94 Mo. 106; *Cloud v. Inhabitants*, 86 Mo. 357; *Hope v. Blair*, 105 Mo. 85. (4) The purchaser is without title and redress. There is no resulting equity in favor of third persons; and no power in the legislature or other department of government can vest such judgment with any of the elements of vitality or power. Freeman on Judgments [3 Ed.], sec. 117; Freeman on Void Judicial Sales, sec. 56; Black on Judgments; *Price v. Estill*, 87 Mo. 385; *Same v. Courtney*, 87 Mo. 387; *Norton v. Highleyman*, 88 Mo. 622. (5) If, however, this court holds that in those proceedings the circuit court acquired jurisdiction not only over the persons of plaintiffs but their lands as well, then I insist that the defendant acquired no legal title to the land because of the following irregularities: *First.* There was no order for the sale of the land. Sale did not take place under the original order. Re-recording that order at a subsequent term of court was not a renewal of the order. Such sale is void. *Hughes v. Hughes*, 72 Mo. 136; *Carson v. Hughes*, 90 Mo. 173. *Second.* The order of sale must direct whether the land is to be sold during a session of the circuit or of the county court. R. S. 1889, sec. 7189. This order does not so direct. *Third.* There was no order of court confirming the sale. The order made did not describe the land in

controversy.    Such order is the final judgment in partition suits.    *Fourth.*    The "decree and order of sale" was not a judgment in partition but simply an order of sale to pay the debts of the estate.    It simply took the lands out of the custody of the probate court, sold them and restored the proceeds.

*Thomas E. Turney, William Henry* and *A. J. Althouse* for respondent.

(1)    If the court in the partition proceedings had jurisdiction of the subject-matter and the parties, its judgment or decree, even if erroneous or irregular, was not void, but voidable only.    *Brackett v. Brackett,* 53 Mo. 265;  *Gray v. Bowles,* 74 Mo. 419;  *Hamer v. Cook,* 118 Mo. 476–490.    (2) A voidable judgment or decree can not be attacked in a collateral proceeding, although made in a suit by or against infants;  and an ejectment suit is such a proceeding.    Freeman on Judgments [3 Ed.], sec. 151;  *Gray v. Bowles,* 74 Mo. 419;  *Lewis v. Morrow,* 89 Mo. 174;  *Karnes v. Alexander,* 92 Mo. 671;  *Charley v. Kelley,* 120 Mo. 143. (3)    The court had jurisdiction of the subject-matter of the suit;  and the fact that the land descended, and that the estate of the ancestor had not been settled; and the further fact that the land, or part of it, would be required to pay the debts of the estate, did not deprive it of jurisdiction to make partition and order a sale of the land.    R. S. 1879, sec. 3350;  *Tuppery v. Hertung,* 46 Mo. 135;  *Rhorer v. Brockhage,* 15 Mo. App. 16.    (4) The court had jurisdiction of the parties.    R. S. 1879, secs. 3339, 3346, 3347;  *Thornton v. Thornton,* 27 Mo. 302;  *Waugh v. Blumenthal,* 28 Mo. 462.    (5) The appointment of the defendant in the suit guardian of the infant plaintiffs, was not illegal nor even improper.    The allegations of the petition

and the answer show that their interests were not hostile or inconsistent. *Walters v. Hermann*, 99 Mo. 529. (6) Whether the administrator was an unnecessary party, is of no consequence in determining the question here. If he was not a necessary party, the suit was, to all intents and purposes, an *ex parte* proceeding for partition by the plaintiffs. That such a suit can be prosecuted by infant plaintiffs in this state is well settled. R. S. 1879, secs. 3339, 3342 and 3350; *Larned v. Renshaw*, 37 Mo. 458; *Harbison v. Sanford*, 90 Mo. 477. (7) The commissioner's report, which states all the facts, was approved, and the sales confirmed. This being the final decree, all previous interlocutory questions were disposed of by it. *Longfellow v. Longfellow*, 7 N. Y. Ch. 138; *Hughes v. McDivitt*, 102 Mo. 7. (8) But if the only objection to the judgment or decree is that the plaintiffs appeared by attorney, and were at no time represented by a guardian, it is expressly validated by the statute. R. S. 1879, sec. 3582; R. S. 1889, sec. 2113; *Brandon v. Carter*, 119 Mo. 572; *Robinson v. Hood*, 67 Mo. 660; *Holton v. Towner*, 81 Mo. 360.

BARCLAY, P. J.—The action at the outset was in ejectment. The plaintiffs are the heirs (grandchildren) of Mr. Patterson Chrisman, who died in 1883, owning certain land in Clinton county. That land is the subject of this suit. Plaintiffs are entitled to it unless their title has been divested by certain court proceedings in 1884–5. The validity of those proceedings forms the leading question presented for decision. Those proceedings were set up in the answer as a defense, accompanied with an affirmative demand for an accounting, and for a repayment of funds (invested by defendant in the land on various accounts) in event

the court should find the legal title to the land to be in plaintiffs.

The new matter of the answer was denied by a reply, and a trial of the issues ensued.

The learned circuit judge found in favor of plaintiffs as to the legal title; but, on taking an account, he charged plaintiffs with considerable sums of money on the theory advanced in the affirmative portion of the answer. Both parties appealed from the judgment that followed those findings.

In the view we entertain of the law of the case, it will not be needful to give any fuller sketch of the pleadings. The result here depends on the validity of the sale in a partition suit, which forms the gist of the controversy.

Defendant's title was acquired at the sale in the progress of that suit. Plaintiffs insist that the sale is void. The facts leading up to the sale are these:

When Mr. Chrisman died, in 1883, his grandchildren (now plaintiffs) were aged respectively eleven, eight and four years. Mr. Turney was duly appointed administrator of his estate and took possession of the land by order of the probate court. He was in possession (by a tenant) and was receiving the rents at the time of the sale in question.

In March, 1884, a petition was filed in the circuit court of Clinton county by Althouse and Trice (a firm of attorneys at law then doing business there) as attorneys for these plaintiffs and their brother (who has since died) against Mr. Turney, as administrator of the estate, praying for a partition of all the lands of which Patterson Chrisman died seized (describing them). That petition alleges that all the parties named therein as plaintiffs were minors, without a guardian; that the administration had not been

closed; that the lands were not susceptible of partition on account of the "nature and amount of the owners," and it asks for "the appointment of a guardian for them and for an order of sale in partition of said real estate without the appointment or intervention of commissioners," etc. No summons was issued; but at the first term of the court after the filing of the petition, the administrator made answer, admitting all the allegations; alleging that the personal estate was insufficient to pay the debts of the estate; joining in the prayer for a sale of the lands, and asking that he might be appointed commissioner to make the sale, and then be authorized as administrator to pay the debts of the estate out of the proceeds, and to distribute the surplus among the plaintiffs in the case.

On the twenty-third of April (thirty-eight days after the finding of the petition) an order was entered in the cause purporting to appoint Mr. Turney (the defendant and administrator) as guardian of the plaintiffs. It was then recited that as such defendant and guardian he consented to the trial of the cause at that term of court. A decree follows which proceeds to find the facts as stated in the petition and answer; that is to say, the seizin of Patterson Chrisman, his death, intestacy, the survival of plaintiffs as his only heirs, qualification of the administrator, and the allowance of more debts by the probate court against the estate than the personal assets would pay. An order of sale of the land in partition is then entered of record in the usual form, and in that order Mr. Turney is appointed special commissioner to make sale and is ordered to pay over the proceeds of sale to himself as administrator of the estate, and to administer and account for the proceeds under the order of the probate court.

At the next term, October 16, 1894, precisely the same decree was again entered of record, no action on the first order appearing.

A report was filed by the special commissioner at the May term, 1885, which recited a sale of the land, February 2, 1885, at the courthouse door, during a term of the county court; that the land in question was sold to the defendant herein (an entire stranger to that suit) for $3,750; that a forty acre tract was also sold to Green B. Wilhoit for $200, and another to Jacob Estep for $130.

At that term of court an order was entered approving this report and conveyances were directed to be made to the purchasers, which was accordingly done afterward. The tenant of the administrator yielded possession of the land to the defendant, and he has been in possession ever since. He actually entered into possession in the spring of 1885. Mr. Turney, as administrator, receipted to himself as special commissioner for the proceeds of the sale.

It further appeared in evidence that the administrator duly paid the debts of the estate, in due course made final settlement and was discharged. As part of the final settlement it appears that he paid over to Mr. Hall (who, meanwhile, in 1887, had been appointed curator of the plaintiffs) the sum of $1,912.27, the amount of the estate remaining after full administration.

It is not necessary at this time to refer further to the subject of the accounts, though they form an important feature of the case as it was tried on the circuit.

1. Plaintiffs assert that the partition proceedings are wholly void on account of the infancy of plaintiffs. They appeared by attorney at the beginning of the

suit, and this they now claim conferred no jurisdiction on the court to deal with them.    Even if we concede that proposition (though we do so only for argument) it is nevertheless clear that so soon as the court, in response to plaintiffs' petition, appointed a guardian for them, under the express sanction of section 7140 (R. S. 1889) the court was authorized to proceed to act upon the interests of the minors in accordance with their petition in partition.    That appointment was made before the interlocutory judgment of partition; and from the time it was made, at least, the court had jurisdiction over the persons of the plaintiffs, notwithstanding their minority.    The court having power to act, the original appearance of the minors by attorney would be held cured after judgment for them, under the provisions of the seventh paragraph of section 2113 in the statute of jeofails.    And upon a collateral attack on the judgment that curative provision of law would have at least as much force as on an appeal. *Cochran v. Thomas* (1895) 131 Mo. 258 (33 S. W. Rep. 6).

2.    It is next claimed that the court had no jurisdiction over the subject-matter of the suit, because of the pendency of the administration proceedings in the probate court, in the course of which the administrator had taken possession of the land and had a tenant in charge for the purpose of securing the rents and profits to the estate under administration.    But section 7143 (R. S. 1889) clearly sanctions the partition of land before final settlement of the estate to whose demands the land may yet be subject.    Such a speedy partition is obtainable only upon the conditions named in the statute, but it can not justly be said to be forbidden, or beyond the jurisdiction of the court that is otherwise authorized to decree the partition.

In the case at bar, however, the court directed the debts of the estate to be paid (and they were duly paid) under the orders of the probate court, which finally approved such payment. The regularity of that course of procedure we need not discuss. It is enough to say that neither the judgment nor sale was void on account of such procedure.

The present action is collateral to the partition suit; and unless the judgment or sale in that suit was beyond the power and authority of the court, any mere irregularity in the exercise of its judicial power can not be taken advantage of in the mode indicated by this action.

From the foregoing it follows that the learned trial court was in error in declaring that the legal title to the land was in plaintiffs. The judgment should be reversed and the cause remanded, which is done accordingly, the plaintiffs to be charged with the costs of the appeals. MACFARLANE, ROBINSON and BRACE, JJ., concur.