CHARLES MONROE TANNER, Respondent, v. ENOS MARION TANNER et al., Appellants.

Kansas City Court of Appeals, April 29, 1918.

1. **PARTITION: Attorney Fees: Power of Court to Allow.** In an action in partition, the trial court is empowered to allow the attorneys bringing the suit, a reasonable fee for their services to be taxed as other costs in the case, and the fact that the plaintiff sells his interest in the property to one of the defendants before final decree is entered, does not deprive the court of such power.

2. ———: **Jurisdiction of Court: Estate Unsettled.** The appointment of an administrator for an estate, after the commencement of an action to partition lands belonging to such estate does not deprive the circuit court of jurisdiction to entertain such partition suit, but final decree thereon will be postponed until the estate has been fully settled or the court satisfied that there is ample property *aliunde* to satisfy all claims.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb, Judge.*

AFFIRMED.

*Roy W. Rucker* for appellants.

*John D. Taylor* and *M. A. Magruder* for respondent.

TRIMBLE, J.—This controversy is over the allowance of a fee to the attorneys of plaintiff in a partition suit.

It seems that in 1914, one, John Harrison Tanner, died intestate, owning 160 acres of land in Chariton county, and leaving only three heirs, namely, Charles Monroe Tanner, the plaintiff herein, and the two defendants Enos Marion Tanner and Bertha Tanner Peterson.

No administrator was applied for or appointed upon his estate, and in 1916, Mark A. Magruder and John D. Taylor, attorneys, were employed by the plain-

tiff, Charles Monroe Tanner, to bring suit to partition the lands of which said John Harrison Tanner died seized and possessed, it being agreed between plaintiff and said attorneys that they should have for their services a reasonable attorney's fee to be allowed by the court and taxed as costs in said cause.

Pursuant to said agreement, said attorneys brought said partition suit in due form, and thereafter the defendant, Enos Marion Tanner, applied to the probate court for letters of administration on John Harrison Tanner's estate and letters were issued thereon. Said Enos Marion Tanner then presented claims aggregating $3300 against said estate and the same were allowed in his favor.

Thereupon, said two defendants set up, in the partition suit, the allowance of said claims against said estate and the lack of any personal funds out of which to pay same and prayed that said partition suit be abated for that reason. The partition suit was tried however, and at the November term, to-wit, on December 5, 1916, judgment for partition was rendered, the court finding that the lands were not susceptible of partition in kind, finding also that claims had been allowed against said estate to the extent of $3300 and that there were not sufficient personal assets to pay the debts of said estate. It was thereupon adjudged and decreed that the land be sold for cash but that the proceeds thereof "be held by the sheriff until the administration of the said estate shall have been completed to the extent of allowing all valid claims and he shall then, upon the further order of this court, pay such sums to the administrator of the estate of John Harrison Tanner as shall be necessary to complete the administration finally and shall hold such other and further proceeds of said sale, subject to the order of distribution between the parties as shall hereafter be made by the court, and the cause is continued to the next term.".

Thereafter, the defendant, Enos Marion Tanner, privately purchased the interest of the plaintiff Charles

Monroe Tanner, and of his co-defendant Bertha Tanner Peterson in said real estate and had the same duly conveyed to him by deed, all of which was done without the knowledge of plaintiff's attorneys; and immediately after such conveyance, said Charles Monroe Tanner left the State and his whereabouts is now unknown.

At the May, 1917, term of the circuit court, the defendant, Enos Marion Tanner, sole owner of all of said land, being about to have the partition suit abated, said attorneys Magruder and Taylor filed a motion in said cause to have an attorney's fee allowed and taxed as costs, setting up all the facts and alleging that at the time Enos Marion Tanner purchased the interests of his co-heirs he was fully aware of the pendency of said partition suit, having participated therein, and was fully aware of the rights and interests of said attorneys and of the services they had rendered and of their right to have a fee allowed therefor, and that they had not been paid.

Defendant, Enos Marion Tanner, appeared to said motion and filed an answer thereto admitting that he had purchased the interests of the plaintiff and of his co-defendant and was now the sole owner of said land, but prayed the court to deny said motion.

The hearing thereof was had on June 23, 1917, and the court after listening to the evidence found the facts as hereinbefore stated; found that said attorneys faithfully represented plaintiff in all things pertaining to said suit in partition and performed all duties necessary for them to perform; that no sum for attorney fees had been paid; and that Enos Marion Tanner at the time of his purchase knew that such attorneys' fees had not been paid. The court further found that said attorneys were entitled to a reasonable attorney's fee for the services they had rendered in said cause to be taxed as costs therein, and fixed said fee at $400 and directed that it be taxed as costs in the case and made a lien on the land, describing it, and ordering special execution to issue therefor. From the action of the court

on said motion, defendant Enos Marion Tanner has appealed.

It is agreed that the reasonable value of the farm is $12000.

The contention of appellant is that the circuit court was without jurisdiction to order partition of the land in question because it affirmatively appeared that there were debts against the estate and there was no other property out of which the same could be paid. Waiving the question (if there is any), as to whether this appeal, from the order of the court on said motion, can attack the jurisdiction of the court to adjudge partition at the time such judgment was rendered, we proceed to a consideration of the above contention. It is based upon the decision in Tuppery v. Hertung, 46 Mo. 135. But that opinion rests upon the statute in force at that time. Shorly after that decision was rendered the statute was changed. Said statute is now section 2570, Revised Statutes 1909, and reads as follows:

"Upon judgment of partition in proceedings commenced in this article, where the lands . . . sought to be divided . . . shall have descended to any of the parties in interest, and the court shall not be satisfied either that the estate from which the same has descended has been finally settled, and all claims against the same fully discharged, or that the personal property, or other real property not already partitioned, belonging to such estate, is more than sufficient to pay all claims and demands against the same, the order of distribution shall not apply to nor take effect upon any of the lands, tenements or hereditaments allotted, or the share of the proceeds of any sale adjudged to the parties whose interest shall have so descended, until such estate shall have been finally settled and all claims against the same fully discharged; and until such final settlement, the interest of all parties in such lands, tenements or hereditaments, or in the proceeds of sale in cases where sale has been ordered, shall remain and be subject to the claims against the same."

In Chrisman v. Divinia, 141 Mo. 122, 1. c. 130, the Supreme Court, in passing upon the same contention said:

"But section 7143, Revised Statutes 1889, now 2570, Revised Statutes 1909, clearly sanctions the partition of land before final settlement of the estate to whose demands the land may yet be subject. Such a speedy partition is obtainable *only upon the conditions named in the* statutes, but it cannot justly be said to be forbidden or beyond the jurisdiction of the court." (Italic ours.)

In the case at bar, the court complied with the conditions specified in the statute by providing that the proceeds be held until the administration would determine the amount needed for debts and a sufficient sum for administration purposes be turned over to the administrator. No compliance with this statutory condition was had in the case of Mills v. Mills, 141 Mo. 195, and this is what is meant when the court in that case at page 199 said, "no partition could be properly made *without providing for the discharge of the debts* chargeable against her estate." (Italics ours.) It is true, judgment denying partition was affirmed in that case but that was because of several reasons: (1) Because plaintiffs, in their petition, had demanded partition as heirs of a person not the owner of the legal title; and (2) because, although the parties were also heirs of the person who did own the title, no request for partition on that basis had been asked, nor was any provision made, or sought to be made, whereby the debts of that person would be taken care of. Nothing more than this is meant by the remark in Eoff v. Thompson, 66 Mo. 1. c. 226, where the court speaks of "that provision of the partition act, prohibiting partition of land from being *finally consummated* until the estate has been fully settled or the court satisfied that there is ample property *aliunde to* satisfy all claims." (First italics ours).

The ruling in Chrisman v. Divinia, supra, is approved and upheld in Barnard v. Keithley, 230 Mo. 209, l. c. 228.

We are, therefore, of the opinion that the allowance of the attorney's fee cannot be defeated on the ground that the court, at the time the judgment of partition was entered, had no jurisdiction to render the judgment that was rendered, complying, as it did, with the condition provided for and required in said section 2570.

Did the court otherwise have power to allow an attorney's fee in a partition proceeding in which the attorneys had done everything required of them in which a *final* decree was prevented only by the action of the defendant in buying up the interests of all the other owners of the land, with full knowledge of the attorney's services and rights? Section 2609, Revised Statutes 1909, says, "The judge of the court in which *any suit* under this article *may be brought* shall allow a reasonable fee to the attorney or attorneys *bringing the suit* . . . which fee shall be taxed and paid as other costs," etc. The power to tax a fee is not conditioned here upon the rendition of a final decree in partition. Of course, if the failure to obtain a final decree arose through any fault or dereliction of the attorneys or because it could never have been secured, then doubtless no fee would be allowable. But here the defendant voluntarily and with full knowledge of the attorneys' rights, *by his own act,* obviated the necessity of a final decree, or rather he, with full knowledge, made himself master of the situation where he could compel the dismissal of the suit or a modification of the decree whereby a sale would be obviated and the whole title declared vested in him subject to the payment of his ancestor's debts. It cannot be said that there may never have been anything to divide, since the land is worth $12000 and the allowed debts only $3300, and defendant has *purchased* the interest of the other heirs, which he doubtless would never have done had they owned nothing to sell. Neither can it be said that defendant

Tanner v. Tanner.

has obtained no benefit from the bringing of the partition suit, since it was not until after that was done that he secured the other interests. However, the attorneys' right to their fee does not depend upon whether the bringing of that suit was of benefit to defendant. It depends upon their rights under the law by reason of the services rendered under their contract and the power of the court to allow them their fee in a case where those services would unquestionably have resulted in a final decree had not the defendant, with full knowledge of their rights, and without fault on their part, put himself in a position to stop all further proceedings. The court had jurisdiction to entertain the partition suit, whereby costs would be, and were, incurred as the case proceeded; and if anyone else had, with knowledge, purchased the interest of anyone of the heirs, the purchaser would have taken it subject to the burden of that heir's proportion of said costs. And the fact that the purchaser of the other two shares happens to be the remaining heir can make no difference. All three interests were, at the time of defendant's purchase, subject equally to the costs *incurred*, though not formally taxed, at that time. Hence there is no reason for confining the costs to the one-third share derived from plaintiff, since the defendant, Enos Marion Tanner, owns all the interests. He has his own share, burdened with its proportion of the costs, and obtained the other two burdened with theirs. So far as the record discloses, there is nothing to show but that he, in paying for the other shares, made due allowance for the costs for which they were liable. But whether he did or not, he took them with that burden on them, and there is no injustice in taxing them as costs against all the land. The fee, when taxed as costs, has the same lien upon the land, and no more, than the other partition costs have, and this is all that is effected by the orders of the court making it a "special lien" against the land and ordering "special" execution to issue therefor.

The judgment is affirmed. All concur.