## IN THE MATTER OF ESTATE OF JOHN DILDINE; JAMES C. DILDINE et al., Executors, Appellants, v. BERTHA M. DeHART.

### Division Two, April 7, 1922.

1. **ADMINISTRATION SALE TO PAY DEBTS: Appellate Jurisdiction.** The Supreme Court has jurisdiction of an appeal from the judgment of the circuit court, rendered on appeal from the probate court, holding void an order of the probate court for the sale of decedent's real estate to pay debts and legacies, inasmuch as such proceeding involves the title to real estate, which is directly affected by the judgment.

2. ———: **Jurisdiction of Probate Courts.** Probate courts have jurisdiction to order the sale or leasing of the real estate of a decedent for the payment of debts, upon being satisfied of the necessity therefor. And until the order of the court, either to sell or lease such real estate, the administrator or executor has no rights over it, as the title to it, upon the death of the owner, passes to and vests directly in his heirs or devisees.

3. ———: **Circuit Courts: Partition.** Circuit courts have jurisdiction to order the partition, or sale for purposes of partition, of real estate of a decedent, among his heirs or devisees, before the final settlement of his estate in the probate court, subject to the final settlement of such estate and the full discharge of all claims against the same as provided in Section 2006, Revised Statutes 1919.

4. ———: ———: ———: **Exclusive.** After the filing in the circuit court of a suit for the partition of the real estate of a decedent among his heirs and devisees, pending the administration of his estate in the probate court, the circuit court has exclusive jurisdiction over said real estate and can order a sale thereof and distribution of the proceeds, subject to the provisions of Section 2006, Revised Statutes 1919, and the probate court, after the filing of such partition suit, has no jurisdiction to entertain a petition for sale of such real estate to pay debts or legacies.

Appeal from Clinton Circuit Court. —*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*Daniel H. Frost* for appellant.

(1)   Letters of administration were taken out on October 31, 1918.  The record shows that the personal estate, which consisted of household furniture valued at $25, was willed by specific legacy.  The will left a legacy also of $1,200.  At that date, without regard to the allowance of any debts whatever, the probate court had jurisdiction not only to administer the estate, but to order the sale of the real estate for the payment of said legacy.  Thereafter bills were presented to the administrators; these were not allowed until May 16, 1919, which was only six and a half months after letters were taken out.  (2)   The tendency is to vest exclusive jurisdiction in probate court in administration of estates and arm them with ample powers, and they should not be interfered with.  1 Woerner on Adm., sec. 156.  (3)   Respondent insists that they filed their suit in the circuit court for partition of this land before the administrators filed their petition for sale for payments of debts, thereby falling into the peculiar error of supposing that the probate court's jurisdiction was a matter of a foot race; that it could be deprived of jurisdiction of a matter of which it already had jurisdiction by a delay of a few days in taking certain necessary steps for the sale of this land.  They forget that the authority of the administrator to sell land relates back to date of death of deceased, and that creditors and legatees take precedence over heirs, and that a sale by the administrators possesses a superior title to that held by heirs.  Grant v. Hathaway, 215 Mo. 141.  (a)   Even after sale by heir, the probate court may still order a sale of interest of heirs to pay debts.  Wright v. Green, 239 Mo. 449; Metcalf v. Smith Heirs, 40 Mo. 576.  (4)   It is the jurisdiction of the circuit court which should be suspended until the estate has been fully administered in the probate court.  King v. Ayers, 168 Mo. 250; Mills v. Mills, 141 Mo. 199.  (5)   Real estate descends *cum onere*—immediately comes into custody of the law to be adminis-

tered.  There can be no partition until the estate is set-
tled.  Eoff v. Thompkins, 66 Mo. 226.  (6)  Exclusive
jurisdiction over an application to sell lands for pay-
ment of debts is conferred on probate courts.  And the
policy of the courts is to leave everything that pertains
to administration of estates to probate courts.  And when-
ever property sought to be reached consists of assets of a
deceased debtor which have already been subjected to
administrator, other courts should keep their hands off.
Board of Public Works v. Columbia College, 17 Wall.
521; French v. Stratton, 79 Mo. 562.  (a)  The scheme
and system of administration and probate law are sup-
posed, by those who are judges of such matters, to
be the most perfect and complete system in the world,
leaving but few emergencies where other courts can in-
terfere.  Scott v. Royston, 223 Mo. 586; Matson and
May v. Pearson, 121 Mo. App. 120; Titerington v. Hook-
er, 58 Mo. 597.  (b)  Settling accounts of administrators
and sale of land of decedent to pay debts are exclusively
within the jurisdiction of probate courts and taken out of
the jurisdiction of circuit courts.  Strode v. Gilpin, 187
Mo. 391; Priest v. Spier, 96 Mo. 111; Nebel v. Brock-
horst, 186 Mo. App. 504.

*Williams & Robison* for respondent.

There is only one question before this court, and
that is, is the judgment of the circuit court correct in
holding there is no necessity for the sale of the lands
by the probate court, and dismissing application of execu-
tors for the sale thereof?  We maintain that the court
was correct in its judgment.  Art. 6, sec. 23, Mo. Const.;
State ex rel. v. Edward, 162 Mo. 666; Secs. 2559, 2570,
R. S. 1909; Tanner v. Tanner, 199 Mo. App. 148; Chris-
man v. Divina, 141 Mo. 130; Barnard v. Keathy, 230 Mo.
228; 30 Cyc. p. 198, sec. 10; 7 R. C. L. p. 1067, secs. 105,
106.

REEVES, C.—This is an appeal from a judgment of the Circuit Court of Clinton County voiding and nullifying an order of the probate court of said county for the sale of real estate to pay debts.

The case was transferred from the Kansas City Court of Appeals, where it was sent on appeal. That court was without jurisdiction, as the action involved title to real estate, which was directly affected by the judgment. [Sec. 12, Art. 6, Mo. Constitution; Edwards v. Railroad, 148 Mo. 513, 50 S. W. 89; Heman v. Wade, 141 Mo. 598, 43 S. W. 162; Whitecotton v. Wilson, 197 S. W. 168; Davis v. Watson, 158 Mo. 192, 59 S. W. 65; Railroad v. Schweitzer, 246 Mo. 122; Jones v. Hogan, 211 Mo. 45.]

John Dildine died testate in Clinton County on October 26, 1918, and on the 31st of the same month his will was admitted to probate.

The estate consisted of about twenty-five dollars in personal property, and three lots in Cameron, valued at sixty-one hundred dollars.

Reinette B. Henderson, a daughter and one of the executors, was bequeathed twelve hundred dollars, and the residuary clause of the will devised the three lots in controversy to James C. Dildine, a son, Dora A. Pickerel and Bertha M. DeHart, daughters. One of the lots so devised was encumbered for three hundred dollars.

On May 16, 1919, claims amounting to $321.34 were allowed against the estate, and on the same day the executors filed their petition for an order to sell the real estate on the ground of deficiency in the personal estate. Pursuant thereto the judge of the probate court immediately and on the same day made an order of publication under the statute, followed on June 28th with citation to Bertha M. DeHart, residing in Clinton County, the only interested devisee (other than the executors) so residing in Clinton County.

Bertha M. DeHart resisted the proceeding and by answer, among other things, said that a suit in partition of said real estate had been filed in the circuit court of

said county on April 3, 1919, wherein Bertha M. DeHart and Dora M. Pickerel were plaintiffs, and James C. Dildine and Reinette B. Henderson, executors, and N. S. Goodrich, trustee, and Farmers Bank of Cameron were defendants. She set up in said answer the petition in the partition suit and other proceedings incident thereto, including service of summons on all defendants on April 21, 1919. She challenged the jurisdiction of the probate court to proceed to order the sale of said real estate, on the grounds that the circuit court had drawn to itself "complete and exclusive jurisdiction" at the filing of the partition suit, and that such suit was pending and undetermined.

The probate court made an order of sale in accordance with the petition of the executors, and from this order the said Bertha M. DeHart appealed to the circuit court. Whereupon in a trial *de novo* the circuit court adjudged that the probate court was without jurisdiction to entertain the petition for sale of real estate to pay debts, because of the pendency of a suit in partition in said court, wherein all parties in interest were either plaintiffs or defendants, and "that after this court was possessed of the jurisdiction of the real estate, by reason of said action in partition, thereafter the executors applied . . . to sell the real estate to pay debts, and the court finds that said probate court, at the time of making the order to sell the real estate of the decedent to pay debts, was without jurisdiction to make such an order."

I. Undeniably probate courts have the jurisdiction to order the sale or leasing of real estate for the payment of debts. [Sec. 34, Art. 6, Mo. Constitution; Secs. 129 and 141, R. S. 1919.] This can only be done, however, when the court is satisfied of its necessity, and until the order of the court either to sell or lease, the administrator or executor has no rights over the real estate (Grant v. Hathaway, 215 Mo. 141; Anderson v. Taylor, 227 S. W.

<span style="margin-left:2em">**Probate Court:**<br>**Jurisdiction.**</span>

84), as title to the real estate upon the death of the owner passes to and vests directly in the heirs or devisees. [Seilert v. McAnally, 223 Mo. 505.]

II. That circuit courts have jurisdiction to order the partition or sale of real estate when owned or held in joint tenancy, tenancy in common, or coparcenary, etc., is also beyond question. [Sec. 1995, R. S. 1919.] And, moreover, partition may be had in lands before the final settlement of the estate, to whose demands the lands partitioned may be subject. [Chrisman v. Divinia, 141 Mo. 122, 41 S. W. 920; Tanner v. Tanner, 199 Mo. App. 145, 203 S. W. 239; Sec. 2006, R. S. 1919.]

*Circuit Court: Partition.*

III. In the case at bar the probate court did not attempt to take jurisdiction over the land in suit until May 16, 1919. Suit in partition was filed April 3, 1919. In that suit the circuit court took complete and exclusive jurisdiction over said real estate. It could proceed to the sale of said property and the distribution of the proceeds, subject to Section 2006, Revised Statutes 1919. This section forbids final distribution until all demands in the administration of the estate, to which said lands might be subjected, have been settled.

*Pending Partition: Sale By Probate Court.*

When it appeared to the judge of the probate court that a suit in partition of said land had been filed, he should have dismissed the petition of the executors for an order for a sale of said property. The circuit court, superior to his court, had already acquired jurisdiction of the *res* and in the proceeding had the statutory power to hold said *res* or its proceeds *in custodia legis* until all demands allowed in the probate court had been settled. The probate court could not deprive the heirs of their valuable privilege to have said property partitioned in the circuit court. [State ex rel. v. Holtcamp, 245 Mo. 655.]

The circuit court took due cognizance of the unsettled estate of John Dildine, and suspended judgment in the partition suit until all demands against said estate had been finally determined. This was proper.

The judgment of the trial court was correct and should be affirmed. It is so ordered. *Railey, C.,* concurs; *White C.,* not sitting.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.