## WINN v. MADDOX et al.

### No. 21909.

Kansas City Court of Appeals.
Missouri.

Oct. 5, 1953.

Edwin C. Orr, William H. Becker, Columbia, for appellant.

Don C. Carter, Sturgeon, for respondents.

BROADDUS, Judge.

This appeal involves the action of the trial court in refusing to permit appellant, Howard Daugherty, a mere claimant against an estate, to intervene in a partition suit and be made a party defendant therein.

Briefly, the facts are: Luther S. Winn, a resident of Boone County, Missouri, died intestate on January. 1, 1951, owning 160 acres of land situated in that county. He was a widower, and left surviving him, as his only heirs-at-law, one brother, Bert L. Winn, who inherited a one-fourth interest in said real estate; one nephew, J. P. Maddox, child of a deceased sister, who inherited a one-fourth interest in said land; sev--

eral nieces and nephews, children of a deceased brother, who inherited a one-fourth interest, among them, in said real estate; and several nieces and nephews, children of a deceased sister, who took a one-fourth interest, among them, in said real estate. All of the heirs are adults.

J. P. Maddox was appointed administrator of the estate of his uncle, the said Luther S. Winn, deceased, by the Probate Court of Boone County. He took charge of said estate, which is now in the due course of administration in said Probate Court. The estate was appraised at $19,-091.84, the bulk of it being the 160 acres of land, appraised at $12,000.

On September 7, 1951, eight months after the death of said Luther S. Winn, his brother, Bert L. Winn, as plaintiff therein, filed a suit in the Circuit Court of Boone County against all of the other heirs in said estate, to partition said 160 acres of land. In addition to making all of the heirs defendants, J. P. Maddox, administrator of the estate of Luther S. Winn, deceased, was also made a party defendant. Personal service was had upon all of the defendants.

On October 19, 1951, the Court entered an interlocutory decree and ordered the sheriff to sell said real estate at public auction, to the highest bidder for cash, and, since there were two claims pending in the Circuit Court against the estate of Luther S. Winn, deceased, aggregating approximately $46,000 (appellant, Howard Daugherty's claim of $27,480, and Elsie Daugherty, his wife's claim of $18,693) the court ordered that, after paying the costs of the partition suit, the remainder be paid to the administrator by the sheriff, to await the outcome of said litigation.

On November 20, 1951, the sheriff made his report showing that he had sold said land on November 14, 1951, for the sum of $16,150. The court approved the sheriff's report of sale, and ordered him to execute a deed to the purchasers and to acknowledge said deed in open court.

On December 3, 1951, the sheriff made report of final distribution, which was approved, showing that he had paid to the administrator the net proceeds of the sale, $14,861.51.

On November 2, 1951, fourteen days after the interlocutory judgment in partition had been rendered, appellant, Howard Daugherty, filed a motion to set aside the interlocutory judgment and to permit him to intervene and be made a party defendant. The court denied his request, and this appeal followed.

Although appellant has set out six assignments of error in his brief, the real issue for this court to determine is contained in the first, viz.:

"The court erred in failing and refusing to permit the appellant, Howard Daugherty, to intervene in the partition suit and be made a party therein."

The other five assignments of error involve procedural matters, based upon appellant's assumption that he should have been made a party. Therefore, if the first is ruled against appellant, the other five become moot.

█ Under the statute and the rulings of our Supreme Court, Bert Winn, plaintiff, brother of the deceased, Luther S. Winn, as the owner, by inheritance, of an undivided one-fourth interest in the land involved, had the absolute right to have said real estate partitioned and sold in the Circuit Court, although the estate was in the course of administration in the Probate Court, and although there were demands and claims pending against said estate, to which demands the lands might be subject. Section 528.140 RSMo 1949, V.A.M.S.; Chrisman v. Divinia, 141 Mo. 122, 41 S.W. 920; Dildine v. DeHart, 293 Mo. 393, 239 S.W. 112.

Section 528.080 of our statutes, RSMo 1949, V.A.M.S., states who may appear and be made parties in a partition suit. It is as follows: "Any person having an *interest in such premises,* whether the same be *present* or *future, vested* or *contingent,* though not made a party in the petition, may appear and be made a party on application for that purpose, accompanied by an affidavit of such interest." (Italics ours.)

In the affidavit of appellant Daugherty, required by the above section, he stated that "he has a contingent interest in the land sought to be partitioned, etc."

In his brief, after setting out the above section, he says: "As a creditor beneficiary of the estate, appellant had an equitable interest in the land. His debt was a lien thereon."

 Our Supreme Court has held that the term "person having an interest", as used in the partition statute, Section 528.-080 RSMo 1949, V.A.M.S., means joint tenants, tenants in common or coparcenary. Renard v. Butler, 325 Mo. 961, 30 S.W.2d 608. Certainly it does not mean *claimants* against an estate seeking, as was appellant, a *money judgment*.

!Appellant concedes in his brief that "no exact precedent can be found" to sustain his position. The fact is that there is not a decision in the books which holds that a claimant against an estate has a *contingent* or *equitable* interest *in the real estate* owned by a deceased at the time of his death.

Did appellant on November 2, 1951, the date on which he sought to intervene, have a debt against the estate? He did not. Not until his claim was put into judgment would the estate be indebted to him. (He did secure a judgment on June 12, 1952, in the sum of $18,000. An appeal from that judgment is now pending in the Supreme Court.) Did his claim against the estate constitute a *lien* against the real estate? It did not.

 In our opinion, the case of Wahl v. Murphy, Mo.Sup., 99 S.W.2d 32, announces the rules which govern the instant case. In the Wahl opinion the Supreme Court definitely holds that a judgment rendered against an administrator of an estate does not constitute a *lien* against the real estate owned by the deceased at his death; that a valid judgment cannot be rendered against a deceased person, nor can a deceased person be the owner of real estate— it belongs to his heirs; that upon the death of a person, claimants are relegated to the procedure prescribed by the administration law for the collection of their claims; that judgments rendered against a deceased, even in his lifetime, must be presented to the probate court for allowance and classification; that a demand against an estate may be established in the probate court or by action in the circuit court against the administrator, but any judgment rendered therein must be certified to the probate court for allowance.

 Appellant Daugherty had no interest, either present or future, vested or contingent, in the land involved in the partition suit. Therefore, he had no right whatsoever to be made a party in said suit. The ruling of the learned trial court was correct.

The judgment is affirmed.

All concur.