FILED 128
Mr. James B. Boillot, Director Department of Agriculture Jefferson State Office Building Jefferson City, Missouri 65101
Dear Mr. Boillot:
This is in response to your request for an official opinion from this office, which poses the following question:
 "Does Section 350.020, RSMo Supp. 1975, require a banking or other financial corporation to file reports with the Director of the Department of Agriculture when the bank or other financial corporation acts as a trustee, as an executor, or in some other fiduciary capacity exercising control over agricultural land?"
The section you refer to in your question is part of Chapter 350, passed in 1975 by the Missouri General Assembly, dealing with corporations engaged in farming. In Section 350.020 of that chapter the legislature has required the following:
 "1. Every corporation engaged in farming or proposing to commence farming in this state after September 28, 1975, shall file with the director of the state department of agriculture a report containing the following information;
 (1) The name of the corporation and its place of incorporation;
 (2) The address of the registered office of the corporation in this state, the name and address of its registered agent in this state and, in the case of a foreign corporation, the address of its principal office in its place of incorporation;
 (3) The acreage and location listed by section, township and county of each lot or parcel of land in this state owned or leased by the corporation and used for farming, and
 (4) The names and addresses of the officers and the members of the board of directors of the corporation."
Farming is defined by the new chapter to mean:
 ". . . using or cultivating land for the production of (a) agricultural crops; (b) livestock or livestock products; (c) poultry or poultry products; (d) milk or dairy products; or (3) fruit or other horticultural products, provided; however, farming shall not include a processor of farm products or a distributor of farming supplies contracting to provide spraying, harvesting or other farming services." Section 350.010(6).
Agricultural land is defined to mean "land used for farming." Section 350.010(1).
There is no specific exemption for banks or other financial corporations acting as trustee, as an executor, or in some other fiduciary capacity exercising control over agricultural land. An attempt to amend Chapter 350 to include such an exemption was introduced in the second regular session of the 78th General Assembly as Senate Bill 474, which would have redefined the term corporation in Section 350.010(3) to mean:
 "A corporation or a cooperative [other than a bank or trust company acting as executor or trustee under the terms of will or trust established by one or more natural persons]." (The proposed revision is shown in brackets.)
It is a fundamental tenet of the law of trusts that title must pass to a trustee in order to establish a valid trust.Atlantic National Bank of Jacksonville, Fla. v. St. Louis UnionTrust Company, 211 S.W.2d 2 (Mo. 1948); 1 G. Bogert, The Law of Trusts and Trustees, Section 11 (2d Ed. 1965); Restatement (2nd) of Trusts, Section 2 (1959). This title in the trustee is normally legal title, giving the trustee a legal interest in the trust res
along with his duties in managing trust assets. An executor, depending upon the particular circumstances involved in the estate he manages, may or may not have an interest in real property. See 1 G. Bogert, supra, Section 12.
 ". . . Undeniably probate courts have the jurisdiction to order the sale or leasing of real estate for the payment of debts. . . . This can only be done, however, when the court is satisfied of its necessity, and, until the order of the court either to sell or lease, the administrator or executor has no rights over the real estate (Grant v. Hathaway, 215 Mo. 141, 114 S.W. 609, 15 Ann. Cas. 567; Anderson v. Taylor [Mo.Sup.] 227 S.W. 84), as title to the real estate upon the death of the owner passes to and vests directly in the heirs or devisees (Seilert v. McAnally, 223 Mo. 505, 122 S.W. 1064, 135 Am.St.Rep. 522)." [Now contained in Mo. Const. Art. 5 § 16
(1945).]
 Rhodes v. Wilson, 239 S.W. 112, 113 (Mo. 1922).
It is also clear that executors have the right to transfer title to real property for the purpose of paying debts of the estate.Blum v. Frost et al., 116 S.W.2d 541 (St.L. Ct.App. 1938).
In interpreting the language of Chapter 350, the intention of the legislature must be determined. State ex rel. ZoologicalPark Subdistrict of City and County of St. Louis et al. v. Jordan,521 S.W.2d 369 (Mo. 1975). Since the legislature did not exclude from the definition of corporation a bank or a trust company or other financial institution exercising control over agricultural land, and since corporation is defined in the general sense in Chapter 350, it is apparent that banks or other financial corporations acting as a trustee, as an executor, or in some other fiduciary capacity exercising control over and holding title to agricultural land must file reports with the Director of the Missouri State Department of Agriculture as required in Section350.020.
CONCLUSION
Therefore, it is the opinion of this office that a bank or other financial corporation acting as a trustee, as an executor, or in some other fiduciary capacity exercising control over agricultural land, must file reports with the Director of the Missouri State Department of Agriculture pursuant to Section350.020, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Robert H. House.
Very truly yours,
 JOHN C. DANFORTH Attorney General